STATE OF NORTH CAROLINA v. THOMAS WADE NORRIS

No. 9018SC102

(Filed 18 December 1990)

**1. Criminal Law § 86.3 (NCI3d)— finding that fourteen-year-old conviction was admissible erroneous—failure of defendant to take stand—defendant not prejudiced by finding**

In a prosecution of defendant for rape of his nine-year-old stepdaughter, the trial court erred in finding that a fourteen-year-old conviction of defendant for incest involving his eight- and nine-year-old natural daughters demonstrated a "pattern of behavior" which was probative for impeachment purposes, since the circumstances surrounding the 1975 incest conviction and the present allegations were so similar that admitting the old conviction would have prejudiced defendant with such little corresponding probative value that it should have been excluded; however, because defendant did not take the stand and the State did not use the stale conviction to impeach him, and because defendant's failure to take the stand had little bearing on the outcome of the case in light of the overwhelming evidence against him, the trial court's error was not prejudicial. N.C.G.S. § 8C-1, Rules 404, 609.

**Am Jur 2d, Rape § 71.**

**Remoteness in time of other similar offenses committed by accused as affecting admissibility of evidence thereof in prosecution for sex offenses. 88 ALR3d 8.**

**2. Rape and Allied Offenses § 4.2 (NCI3d)— physical examination of rape victim two years after offense—admissibility of evidence**

In a prosecution of defendant for rape of his stepdaughter, the trial court did not err in admitting into evidence testimony by a physician who examined the victim two years after the alleged offense where the testimony corroborated the victim's testimony that she was sexually abused over a long period of time, and defense counsel was able to bring the fact of the remoteness of the exam and other factors affecting the weight to be assigned to the testimony before the jury. N.C.G.S. § 8C-1, Rules 401, 403.

**Am Jur 2d, Rape § 81.**

3. **Criminal Law § 88.1 (NCI3d) — cross-examination of rape victim — scope — burden on defendant to show admissibility**

In a prosecution of defendant for rape of his stepdaughter where defendant indicated that, if certain medical testimony were allowed, he would seek to cross-examine the victim about specific sexual behavior to show that the condition of the victim's vagina was caused by someone other than defendant, defendant carried the burden of establishing the admissibility of such evidence, and failure of the court to initiate the process outlined in N.C.G.S. § 8C-1, Rule 412 was not plain error.

**Am Jur 2d, Rape §§ 65, 100; Witnesses §§ 520, 568.**

4. **Rape and Allied Offenses § 3 (NCI3d) — unspecified offense date in indictment — defendant not prejudiced**

In a prosecution of defendant for rape of his stepdaughter where the indictment charged that the offense occurred in June or July three years earlier, there was no merit to defendant's contention that the combined effect of an unspecified offense date and a three-year time lapse between the date of the alleged offense and the date of trial deprived him of an opportunity adequately to present a defense.

**Am Jur 2d, Rape § 52.**

5. **Rape and Allied Offenses § 3 (NCI3d) — date of offense — no variance between indictment and proof**

There was no merit to defendant's contention in a rape case that the variance of one to two years in the indictment and the time established by the victim was fatal and required dismissal of the charge, since the victim's mother fixed the date of the incident at the time contained in the indictment, and the date given in the bill of indictment was not an essential element of the crime charged.

**Am Jur 2d, Rape § 52.**

6. **Criminal Law § 434 (NCI4th) — prosecutor's statement — no reference to defendant's prior conviction**

A statement by the prosecutor in a rape case that, "The law was written so he will never ever do this to anybody's daughter or to his own daughter again" did not impermissibly reference defendant's incest conviction and therefore require a mistrial, since the conviction was never introduced into

STATE v. NORRIS

[101 N.C. App. 144 (1990)]

evidence and was never alluded to at trial; the victim testified that she sometimes called defendant "Dad" and that defendant treated her like his daughter; and the jury could not have leapt to the conclusion that the references to "his own daughter" meant that he was previously convicted of incest with his natural children.

**Am Jur 2d, Trial § 269.**

**7. Rape and Allied Offenses § 4 (NCI3d)— evidence of victim's and defendant's relationship—evidence admissible**

In a prosecution of defendant for rape of his stepdaughter, the trial court did not err in admitting testimony by the victim's mother that the victim was defendant's favorite of the children and that he purchased fancy lace underwear for the child.

**Am Jur 2d, Infants § 17.5; Rape § 55.**

**8. Rape and Allied Offenses § 6 (NCI3d)— prior acquittal— instructions about allegations in earlier case not required**

There was no merit to defendant's contention that the jury should have been instructed about the allegations in an earlier first degree sexual offense case in which he was acquitted and the interrelationship between the earlier acquittal and the current rape charge "to clear up confusion" since there were no references to the alleged sex offenses and no possible confusion on this point.

**Am Jur 2d, Rape § 108.**

**9. Criminal Law § 861 (NCI4th)— mandatory life sentence— instruction not required**

Defendant was not entitled to an instruction from the judge to the jury regarding the mandatory life sentence for first degree rape.

**Am Jur 2d, Rape § 108.**

APPEAL by defendant from a judgment entered 27 September 1989 by *Judge Thomas W. Ross* in Superior Court, GUILFORD County. Heard in the Court of Appeals 23 October 1990.

The defendant was convicted of first degree statutory rape. The court imposed a mandatory life sentence. Defendant appeals.

**STATE v. NORRIS**

[101 N.C. App. 144 (1990)]

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Lorinzo L. Joyner, for the State.*

*Assistant Public Defender John Bryson for the defendant.*

LEWIS, Judge.

Defendant was convicted of raping his nine year old step-daughter. Evidence at trial established that the rape occurred in the master bedroom of the victim's house while the child's mother was gone. The defendant positioned the child on the edge of the bed, and he stood while performing intercourse.

### I. Admissibility of a Fourteen Year Old Conviction

[1] Defendant first argues that the trial court committed prejudicial error when it denied his motion *in limine* to prohibit the State from introducing evidence of his 1975 incest conviction. The 1975 conviction involved the defendant's eight and nine year old natural daughters. The evidence in that case was that while their mother was gone, he sat his daughters down on a commode top and stood while performing intercourse. Like the victim in the case at bar, both girls had abnormally large vaginal areas and were about the age of the alleged victim here.

The district attorney gave notice he intended to introduce evidence of the 1975 conviction under Rules of Evidence 404 and 609. G.S. § 8C-1, Rules 404, 609. The defendant objected and the trial judge heard the matter in the absence of the jury. The trial judge granted the defendant's motion as to Rule 404(b), finding the conviction too remote to show a common scheme or plan and holding that the probative value was substantially outweighed by the prejudicial effect. However, the judge denied the objection as to Rule 609(b) indicating he would admit the evidence if presented, specifically finding that the similarity in the crimes showed a "pattern of behavior" and that the probative value substantially outweighed any prejudicial effect. The defendant did not testify and therefore there was no cross-examination and the conviction never came before the jury.

Rule 609(b) admits evidence of "stale" convictions, *i.e.*, more than ten years old for the purpose of impeachment if the court makes findings supported by specific facts that show that the probative value of the conviction substantially outweighs its prejudicial effect. G.S. § 8C-1, Rule 609; *State v. Hensley*, 77 N.C. App. 192,

334 S.E.2d 783 (1985), *disc. rev. denied*, 315 N.C. 393, 338 S.E.2d 882 (1986). It is relevant if the old conviction involves "a continuous pattern of behavior." *Id.* 77 N.C. App. at 195, 334 S.E.2d 785.

In the present case, the trial judge found that the 1975 conviction demonstrated a "pattern of behavior" which was probative for impeachment purposes. We disagree. The circumstances surrounding his 1975 incest conviction and the present allegations are so similar that admitting the old conviction would have so prejudiced the defendant with such little corresponding probative value that it should have been excluded. However, because the defendant never took the stand, the State never offered the stale conviction into evidence to impeach the defendant. Our Supreme Court has previously addressed this same situation in *State v. Lamb*, 321 N.C. 633, 365 S.E.2d 600 (1988). In *Lamb*, the defendant's motions *in limine* were denied and the defendant did not testify. On appeal the defendant argued that the erroneous ruling impermissibly chilled her constitutional right to testify on her own behalf. The court held that the defendant was prejudiced because it was clear that had the judge granted her motions, she would have testified. *Id.* at 648, 365 S.E.2d 608. However, the court also held that, "[n]ot every denial of a defendant's motion *in limine* results in a chilling of defendant's right to testify. Whether this result occurs depends on the peculiar facts of each case." 321 N.C. 648, 365 S.E.2d 608. In *Lamb* the court focused on the fact that the State's case was comprised solely of testimony from the defendant's relatives that proved to be equivocal and arguably weak. Based on that circumstance, the court held that the defendant's failure to take the stand because of fear of impeachment was "fraught with prejudice." *Id.* at 649, 365 S.E.2d at 608.

Here, while it does appear from the record that the defendant chose not to testify at least in part because he feared being impeached with his 1975 conviction, there was such overwhelming evidence of his guilt that his failure to take the stand did not rise to the level of prejudicial error. The prosecuting witness testified that her stepfather had raped her. The victim's mother and brother corroborated her testimony. Furthermore, there was physical evidence that the child had been sexually active in a manner consistent with her testimony. We find, based upon the evidence in this case, no prejudicial error occurred. We cannot speculate why the defendant elected to remain silent or whether this conviction would

have even been offered by the State had the defendant taken the stand and testified under these circumstances.

## II. Admissibility of Results of a Medical Examination Conducted More than Two Years After the Alleged Offense

[2] The defendant also made a motion *in limine* to exclude the testimony of Dr. McCormick, the physician who examined the victim in October, 1988. The trial court conducted a voir dire which tended to show that the physical examination she performed corroborated the victim's testimony that she was sexually abused over a long period of time. The results of the examination were also consistent with the victim's testimony that her vagina had been penetrated by either a penis or finger.

The defendant challenges the admissibility of this evidence because the examination was conducted at least two years after the alleged rape. We hold that the trial court did not err in allowing the jury to hear this testimony.

We find that this evidence was both relevant and admissible. G.S. § 8C-1, Rules 401, 403. The physician's testimony tended to prove that the child had been sexually active, which is clearly relevant. The fact that her examination occurred months or even two years after the alleged abuse does not in this case render the evidence inadmissible under Rule 403. Defense counsel was able to bring this fact, and others affecting the weight to be assigned this testimony, before the jury. Whether or not the stretching in the victim's vaginal area was abnormal, or was caused by the defendant rather than by something else, was for the jury. The examination was not so remote as to be unfairly prejudicial to the defendant.

## III. Right to Recall the Prosecuting Witness and Examine Her About Specific Instances of Sexual Behavior

[3] On the first day of trial, defense counsel filed several motions *in limine*. In conjunction with the motion to exclude the medical testimony of Dr. McCormick, the defendant indicated that if the court allowed the testimony, he would seek to cross-examine the victim about specific sexual behavior to show that the medical findings were caused by someone other than the defendant. *State v. Mason*, 315 N.C. 724, 340 S.E.2d 430 (1986), discusses what the defense must do before making such an offer of proof under G.S. § 8C-1, Rule 412:

Before any questions pertaining to such evidence are asked of any witness, the proponent of such evidence shall first apply to the court for a determination of the relevance of the sexual behavior to which it relates. The proponent of such evidence may make application either prior to trial pursuant to G.S. 15A-952, or during the trial at the time when the proponent desires to introduce such evidence. When application is made, the court shall conduct an in camera hearing, which shall be transcribed, to consider the proponent's offer of proof and the argument of counsel, including any counsel for the complainant, to determine the extent to which such behavior is relevant. In the hearing, the proponent of the evidence shall establish the basis of admissibility of such evidence. . . .

*Id.* at 728-29, 340 S.E.2d 433. The defense, as proponent of the evidence of specific sexual acts, carries the burden of establishing the admissibility of the evidence. Here, the defendant never made a request for an *in camera* hearing, and he made no offer of proof to establish the admissibility of this evidence. He never requested the court to recall the victim. The failure of the trial court to initiate this process *ex mero motu* was not plain error. This assignment of error is overruled.

### IV. Failure to Allow a Bill of Particulars and Failure to Dismiss the Indictment for Vagueness

[4] Defendant's indictment alleges that Mr. Norris committed the offense of first degree rape in "June 1986 or July 1986." On 24 April 1989, the defendant filed a Motion for a Bill of Particulars stating that without a more specific allegation as to date and time, the defendant could not adequately prepare his defense. On 7 September 1989, defendant filed a motion to dismiss stating that because the indictment covered a possible sixty day period occurring more than three years ago, such vagueness of allegation as to time had deprived him of an opportunity to adequately present his defense. Both of these motions were denied.

Defendant concedes that indictments are not defective because they allege a period of time rather than a specific date. *See State v. Oliver,* 85 N.C. App. 1, 354 S.E.2d 527 (1987). Instead he argues that the combined effect of an unspecified offense date and a three year time lapse between the date of the alleged event and the date of trial deprived him of an opportunity to adequately present a defense. We disagree.

The indictment charged that the defendant raped the prosecuting witness between June and July 1986. The child's uncertainty as to when the offense was committed goes to the weight of her testimony. Where there is sufficient evidence that the defendant committed each essential act of the offense, nonsuit may not be allowed on the ground that the State's evidence fails to fix any definite time when the offense was committed. *State v. Effler,* 309 N.C. 742, 749, 309 S.E.2d 203, 207 (1983). This assignment of error is overruled.

### V. Variance Between the Time of the Offense and the Time Established by the Evidence

[5] The victim testified that she was "eight or nine years old" when the rape occurred and the defendant suggests that based upon the testimony the date of the rape would have been 1984 or 1985. Defendant argues that the variance of one to two years in the indictment and the time established by the victim is fatal and requires dismissal of the charge. We disagree. First, the victim's mother fixed the date of the incident as June or July 1986, the time contained in the indictment. Furthermore, the date given in the bill of indictment is not an essential element of the crime charged and the fact that the crime was in fact committed on some other date is not fatal. *State v. Whittemore,* 255 N.C. 583, 592, 122 S.E.2d 396, 403 (1961). We reject this assignment of error.

### VI. Defendant's Motion for Mistrial

[6] Defendant argues that the following statement made by the State in its closing argument was so egregious that the defendant was entitled to a mistrial:

The law was written so he will never ever do this to anybody's daughter or to his own daughter again.

Defendant argues that this statement impermissibly referenced the defendant's incest conviction. We disagree. The victim testified that she sometimes called the defendant "Dad" and that the defendant treated her like his daughter. Although the trial court ruled that the defendant's prior conviction for incest would be admissible to impeach the defendant, the conviction was never introduced into evidence and was never alluded to at trial. The jury could not have leapt to the conclusion that the references to "his own daughter" meant that he was previously convicted of incest with his natural children. We reject this assignment of error.

### VII. Evidence that the Defendant Purchased
### Lace Underwear for the Victim

[7] Defendant objected to the introduction of testimony by the victim's mother that the victim was the defendant's favorite of the children and that he purchased fancy lace underwear for the child. He argues that the evidence is irrelevant or unduly prejudicial. We disagree. The trial court did not abuse its discretion in allowing this testimony. If evidence has any logical tendency, however slight, to prove a fact in issue, it is relevant. G.S. § 8C-1, Rule 401. He has failed to show how this evidence was unduly prejudicial. We reject this assignment of error.

### VIII. Reference to the Defendant's Acquittal
### of First Degree Sexual Offense in Robeson County

[8] The trial court excluded as substantive evidence the 1975 incest conviction and an acquittal in 1988 of first degree sexual offense in Robeson County involving the prosecuting witness. The defendant argues that the jury should have been instructed about the allegations and the interrelationship between his 1988 acquittal and his rape charge "to clear up confusion." However, a review of the record reveals that there were no references to the alleged sex offenses in Robeson County. Finding no possible confusion on this point, we reject this assignment of error.

### IX. Instruction on Mandatory Life Sentence

[9] Finally, the defendant contends that he was entitled to an instruction from the judge to the jury regarding the mandatory life sentence for first degree rape. We disagree. "In the absence of some compelling reason which makes disclosure as to punishment necessary in order 'to keep the trial on an even keel' and to insure complete fairness to all parties, the trial judge should not inform the jurors as to punishment in noncapital cases." *State v. Rhodes*, 275 N.C. 584, 592, 169 S.E.2d 846, 851 (1969); we reject this assignment of error.

### X. Conclusion

Defendant received a fair trial, free of prejudicial error.

Affirmed.

Judges WELLS and COZORT concur.