STATE OF NORTH CAROLINA v. BRUCE YOUNG

No. 906SC646

(Filed 16 July 1991)

1. **Rape and Allied Offenses § 5 (NCI3d)— rape and sexual offense—two separate dates—variance not fatal**

   There was no fatal variance between indictments which alleged that a rape occurred on 27 September 1988 and that a sexual offense occurred on 29 September 1988 and testimony by the child victim that intercourse occurred on 29 September and oral sex took place on 27 September since the variance as to which offense occurred on which date did not prevent defendant from presenting evidence of alibis for both dates.

   **Am Jur 2d, Rape § 52.**

2. **Rape and Allied Offenses § 6 (NCI3d)— instructions—offenses "on or about" dates in indictment**

   The trial court did not err in instructing the jury that it could find defendant guilty of first degree rape and first degree sexual offense against a child victim if it found that defendant committed the offenses "on or about" the dates listed in the indictments where the indictments charged that the offenses occurred "on or about" those two specific dates. The defendant cannot claim error when the court's instruction uses the same time frame as that given in the indictment.

   **Am Jur 2d, Rape § 108.**

3. **Rape and Allied Offenses § 4.1 (NCI3d)— another sexual offense—admissibility to show plan**

   In a prosecution for rape and sexual offense against a child victim, testimony by a friend of the victim that, when she visited the victim six to seven years prior to the crimes in question, defendant removed the witness from the victim's bedroom, told her to drop her pants, and then touched her "private" was admissible to show defendant's plan of sexual activity with young girls. N.C.G.S. § 8C-1, Rule 404(b).

   **Am Jur 2d, Rape §§ 67, 73.**

   **Admissibility, in prosecution for sexual offense, of evidence of other similar offenses. 77 ALR3d 841.**

**4. Rape and Allied Offenses § 4.1 (NCI3d)— sexual magazines possessed by defendant—admissibility to show intent or plan**

Where a child rape and sexual offense victim testified that defendant would show her magazine pictures depicting sexual acts before performing sexual acts upon her, sexual magazines possessed by defendant were admissible to show defendant's intentions or plans to commit sexual acts on the victim.

Am Jur 2d, Evidence § 884; Rape § 55.

**5. Rape and Allied Offenses § 4.1 (NCI3d)— exclusion of letters written by victim**

The exclusion of letters written by a thirteen-year-old alleged rape and sexual offense victim to her boyfriends did not deny defendant the right to present his defense that physical evidence of sexual activity by the victim could be explained by her sexual encounters with others where the letters related only to who "likes" whom and who is "going with" whom and did not refer to sexual activity.

Am Jur 2d, Evidence §§ 878, 881; Rape § 55.

**6. Constitutional Law § 374 (NCI4th); Rape and Allied Offenses § 7 (NCI3d)— first degree sexual offense—life sentence not cruel and unusual**

The mandatory life sentence for first degree sexual offense did not constitute cruel and unusual punishment.

Am Jur 2d, Criminal Law § 626; Rape §§ 114, 115.

Federal constitutional guaranty against cruel and unusual punishment—supreme court cases. 33 LEd 2d 932.

Comment Note—Length of sentence as violation of constitutional provisions prohibiting cruel and unusual punishment. 33 ALR3d 355.

APPEAL by defendant from Judgments entered 6 January 1990 by *Judge Ernest B. Fullwood* in HERTFORD County Superior Court. Heard in the Court of Appeals 18 January 1991.

STATE v. YOUNG

[103 N.C. App. 415 (1991)]

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Kathryn Jones Cooper, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for defendant appellant.*

COZORT, Judge.

Defendant Bruce Young was convicted of one count of first-degree sexual offense, one count óf first-degree rape, and two counts of taking indecent liberties with a child. Defendant was sentenced to life for first-degree rape, sentenced to life for first-degree sexual offense (to run concurrently with the sentence for first-degree rape), and sentenced to two consecutive terms of three years in prison for the two counts of taking indecent liberties with a child. On appeal, defendant contends, among other things: (1) that there is a fatal variance between the indictment and the evidence, and (2) that the trial court erred in admitting evidence of defendant's possession of certain magazines depicting sexual acts. We find no prejudicial error.

The State's evidence tended to show that defendant lived with Carla Sawyer and her mother. Carla, who was thirteen years old at the time of the trial, testified that defendant started messing with her when she was six years old by putting his hands where they were not supposed to be and by making her have oral sex with him. This behavior continued until she was ten, when defendant started having sexual intercourse with her at least once or twice a week. Carla further testified that on 27 September 1988 the defendant made her have oral sex with him, and that on 29 September 1988 the defendant made her have sexual intercourse with him. Defendant showed her "centerfold-type" pictures from a magazine. Defendant was twenty-five to twenty-seven years old at the time of the crime. The State offered medical evidence tending to show that Ms. Sawyer had been sexually active for at least six months prior to her being examined on 5 October and 10 October 1988. Carla's mother testified that Carla rarely slept away from home.

The State's evidence also showed that the defendant had sexually assaulted another girl. Carla testified that one night when a girlfriend slept over, the defendant came into the bedroom and struck her on the head with a flashlight. The girlfriend, Spring Fowler, testified that defendant hit Carla over the head with a flashlight and then removed Spring from the bedroom, told her

to drop her pants, and then touched her "private." Carla wrote a friend about the incidents, and that friend gave the letter to the school guidance counselor. The Hertford County Department of Social Services on 5 October 1988 received an anonymous sexual abuse report concerning Carla Sawyer; and Susan Farmer, the Hertford County Social Services Supervisor, met with Carla at the school that morning. Susan Farmer then contacted the police and removed Carla from her home, placing her in a shelter home.

At the close of the State's evidence, defendant moved to dismiss each of the four charges for insufficiency of evidence, pursuant to N.C. Gen. Stat. § 15A-1227. The trial court denied the motion. The defendant then moved to strike the testimony of Spring Fowler, alleging it was: (1) too remote in time; (2) irrelevant and immaterial; (3) prejudicial to the defendant; and (4) not part of the discovery requested and received by the defendant. The trial court denied this motion. Defendant then renewed his motion for a mistrial, and the motion was denied. Defendant's final motion requested the State to elect either the rape or sexual offense charge. The trial court denied this motion.

Defendant presented evidence of an alibi for both 27 September 1988 and 29 September 1988. Defendant testified that on 27 September 1988 he was cutting wood in the morning, and in the afternoon he babysat for Cindy Gore's children until 11:30 p.m. Defendant testified that on 29 September 1988 he was with Harold Gore. Both alibis were corroborated by Cindy and Harold Gore. Defendant testified that he never had sex with Carla, that he never showed Carla any "nudi" magazines, that he never touched Spring Fowler, and that he never had the opportunity to be alone with Carla. Joanne Sawyer Young, Carla's mother, testified that defendant was never left alone with the children and that the times she (Joanne) was not around, defendant and the children were with Harold Gore and his children.

Defendant introduced evidence that Carla was sexually active with Laura Woodard's boyfriend, Gerald Barnes. The defendant, Carla's mother, and Cindy Gore (Carla's aunt) testified that Carla told them that she had sex with Gerald Barnes around 1 October 1988. Furthermore, Carla's mother testified that Carla called her from the shelter and said she (Carla) lied about defendant and that it was Gerald Barnes who had sex with her, not the defendant. Defendant also introduced an undated letter written by Carla to

STATE v. YOUNG

[103 N.C. App. 415 (1991)]

a boyfriend, identified in the record only as Phillip, stating the following: "I told you that you were the first boy I ever slept with . . . . I'm sorry I cryed [sic] that day we were in the barn but it did hurt some." ·

At the close of the defendant's evidence, the defendant renewed all motions except for the motion for a mistrial. The trial court allowed the withdrawal of the motion for mistrial and denied the other motions. The jury found the defendant guilty of one count of first-degree sexual offense, one count of first-degree rape, and two counts of taking indecent liberties with a child. Defendant appeals.

On appeal, defendant argues five assignments of error. First, defendant contends the trial court erred in denying his motion to dismiss the charges on the ground that the variance between the indictment and the evidence denied him his right to present a defense. Second, defendant contends the trial court erred in instructing the jury that the jury could find the defendant guilty if they believed beyond a reasonable doubt that the defendant committed the crimes "on or about" the dates listed in the indictments. Third, defendant contends that the admission of testimony by Spring Fowler and the admission of the "centerfold-type" magazines were unfairly prejudicial to the defendant. Fourth, defendant contends that the exclusion of letters from Carla to boyfriends was prejudicial to the defendant. Lastly, the defendant contends the trial court erred in entering judgment of life for first-degree sexual offense.

[1] Defendant's first assignment of error contends that the trial court erred in denying defendant's motion to dismiss on the ground of fatal variance between the indictment and the evidence. Citing State v. Wilson, 264 N.C. 373, 378, 141 S.E.2d 801, 804 (1965), defendant contends that when a defendant presents an alibi defense, the State must show that the acts alleged in the indictment occurred on the dates set forth in the indictment. Defendant also contends the charges should have been dismissed because the indictment charging rape alleges that the rape occurred 27 September 1988, and the indictment charging first-degree sexual offense alleges that offense occurred 29 September 1988, while Carla Sawyer testified at trial that the intercourse occurred on 29 September and the oral sex on 27 September. We find no error.

In *State v. Everett*, our Supreme Court reviewed the rules regarding proof of temporal specificity in cases of sexual assaults on children:

> Generally, an indictment must include a designated date or period within which the offense occurred. N.C.G.S. § 15A-924(a)(4) (1990). However, the statute expressly provides that "[e]rror as to a date or its omission is not ground for dismissal of the charges or for reversal of a conviction if time was not of the essence with respect to the charge and the error or omission did not mislead the defendant to his prejudice." *Id.* Also, "[n]o judgment upon any indictment . . . shall be stayed or reversed for . . . omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly." N.C.G.S. § 15-155 (1990).

> In cases of sexual assaults on children, temporal specificity requisites diminish.

> > We have stated repeatedly that in the interests of justice and recognizing that young children cannot be expected to be exact regarding times and dates, a child's uncertainty as to time or date upon which the offense charged was committed goes to the weight rather than the admissibility of the evidence. Nonsuit may not be allowed on the ground that the State's evidence fails to fix any definite time for the offense where there is sufficient evidence that defendant committed each essential act of the offense.

> *State v. Wood*, 311 N.C. 739, 742, 319 S.E.2d 247, 249 (1984) (citations omitted). Unless the defendant demonstrates that he was deprived of his defense because of lack of specificity, this policy of leniency governs. *See State v. Hicks*, 319 N.C. 84, 91, 352 S.E.2d 424, 428 (1987); *State v. Sills*, 311 N.C. 370, 376, 317 S.E.2d 379, 382 (1984). "[I]t is sufficient for conviction that the jury is satisfied *upon the whole evidence* that each element of the crime has been proved beyond a reasonable doubt." *State v. May*, 292 N.C. 644, 655, 235 S.E.2d 178, 185 (emphasis added), *cert. denied*, 434 U.S. 928, 98 S. Ct. 414, 54 L.Ed.2d 288 (1977).

328 N.C. 72, 75, 399 S.E.2d 305, 306 (1991) (emphasis in original).

STATE v. YOUNG

[103 N.C. App. 415 (1991)]

Carla Sawyer testified that defendant perpetrated rape and other sexual offenses against her on several occasions over a period of six years. She specifically recalled offenses occurring on 27 September and 29 September 1988. The defendant presented an alibi for both dates. The difference between the testimony of the victim as to which offense occurred on which date did not prevent the defendant from presenting his alibi. The inconsistencies were for the jury to resolve. There was thus no error in letting the case go to the jury.

[2] Defendant's second assignment of error contends that the trial court erred by instructing the jury they could find the defendant guilty if they found the defendant committed the offenses "on or about" the dates in the indictment. Defendant contends the instruction was error because the prosecuting witness clearly remembered when the alleged acts occurred. As a result, the defendant relied on an alibi defense for specific dates rather than a general denial. Defendant contends he was not put on notice that he would have to present an alibi for dates other than those set out in the indictments. Defendant argues his alibi defense was compromised by the "on or about" instruction because the "jury could believe defendant's evidence and still convict if it believed he had sex with Carla at some other time."

As we noted in our discussion of the defendant's first assignment of error, our courts have not required that the evidence of the date of alleged offense conform precisely to the date alleged in the indictment, especially in cases of sexual assaults on children. *See State v. Everett, id.* The indictments below charged that the offenses occurred "on or about" two specific dates. The State's evidence was that the specific offenses charged were committed on those dates. The defendant presented an alibi for those dates. If the defendant has been put on notice of the times charged in the indictment, the defendant cannot claim error when the jury instruction uses the same time frame as that given in the indictment. The indictments used the words "on or about" 27 and 29 September 1988. Thus, the defendant was put on notice of the time frame through the indictments, and the conforming jury instruction was not error.

In his third assignment of error, defendant contends the trial court erred by admitting testimony by Spring Fowler that defend-

ant touched her "private" and by admitting into evidence "centerfold-type" magazines. We disagree.

[3] Spring Fowler testified that between six and seven years ago she visited Carla Sawyer at her home. Spring further testified that defendant hit Carla over the head with a flashlight and then removed Spring from the bedroom, told her to drop her pants, and then touched her "private." Carla testified that the defendant would show her magazines which had "centerfold-type" pictures of a guy laying down and a girl sitting on top of his private, and that the magazine was kept in the bathroom under the sheets. Deputy Ernie Sharpe testified that he found the magazines exactly where Carla said they would be, in the bathroom under the linen on a shelf.

N.C. Gen. Stat. § 8C-1, Rule 404(b) (1988) allows evidence of prior bad acts by the defendant to prove, among other things, motive, opportunity, plan, and intent. The incident involving Spring Fowler occurred, according to Carla's testimony, during the same time defendant was assaulting her. Spring Fowler's testimony was thus admissible to show defendant's plan of sexual activity with young girls. Likewise, the magazine was admissible to show defendant's intentions and plans to perform specific sexual acts with his victim. *State v. Boyd*, 321 N.C. 574, 577, 364 S.E.2d 118, 119 (1988), establishes two requirements for admissibility: first, that the misconduct be similar in kind to that charged, and second, that the misconduct not be too distant in time to the charged conduct.

Evidence of prior misconduct which shows a relevant state of mind such as intent, motive, plan or opportunity "is deemed admissible and not violative of the general rule prohibiting character evidence." *Id.* at 577, 364 S.E.2d at 119. Defendant, upon presentation of Spring Fowler's testimony, claimed error in the trial judge's denial of his motion for a continuance. Motions for a continuance are at the discretion of the trial judge, and the trial court's decision is reviewable for abuse of discretion only. *State v. Swann*, 322 N.C. 666, 676-77, 370 S.E.2d 533, 539 (1988). We find no abuse of discretion. Because Spring Fowler's testimony was offered for a limited purpose, and the defendant had ample opportunity to cross-examine Spring Fowler, any prejudice to the defendant was minimal and insufficient to constitute reversible error.

[4] Like Spring Fowler's testimony, evidence of the magazines was relevant and admissible under N.C. Gen. Stat. § 8C-1, Rule

404(b) (1988) to show defendant's intentions or plans to commit sexual offenses on the victim. Carla testified that the defendant would show her the pictures, and then perform sexual acts upon her. As evidence of such intent or plan, the magazine was admissible under Rule 404(b).

[5] Defendant's fourth assignment of error contends that the trial court erred in excluding letters Carla wrote to her boyfriends. The letters indicated that Carla had many different boyfriends and indicated some degree of affection. Defendant argues in his brief that the letters suggest that Carla had a series of sexual encounters with several boyfriends, thus explaining the physical evidence of Carla's sexual activity. Defendant contends that in being limited to presenting two isolated incidents of sexual activity between Carla and other males, defendant could not explain the physical findings of repeated sex in the face of the State's ability to argue that defendant was the only one who had constant access to Carla. Thus, the defendant argues, the exclusion of the letters denied the defendant the right to present his defense.

Our review of the letters in question shows that none of the letters excluded refer to sexual activity. Rather, the letters, to and from Carla and her friends, relate to who "likes" whom, and who is "going with" whom. The letters are thus irrelevant to the issue presented, whether defendant committed sexual offenses against Carla. There was no error in excluding the letters.

[6] Defendant's final assignment of error contends that the mandatory life sentence for a first-degree sexual offense constitutes cruel and unusual punishment. In *State v. Higginbottom*, 312 N.C. 760, 324 S.E.2d 834 (1985), the North Carolina Supreme Court held that a mandatory life sentence for first-degree sexual offense was constitutional. "[I]t is within the province of the General Assembly to determine the extent of punishment which may be imposed upon those convicted of crimes." *Id.* at 763, 324 S.E.2d at 837. Defendant's sentence does not constitute cruel and unusual punishment.

Defendant's trial was free of prejudicial error.

No error.

Judges PARKER and GREENE concur.