STATE OF NORTH CAROLINA v. WELDON JACK BURTON

No. 9219SC1085

(Filed 3 May 1994)

1. **Rape and Allied Sexual Offenses § 73 (NCI4th)— child sex abuse offenses — time of offenses — no variance between indictment and proof**

In a prosecution of defendant for incest, taking indecent liberties with a child and first-degree statutory rape where the offenses allegedly occurred years before, there was no fatal variance between the indictments and proof with regard to time, particularly in light of the policy of leniency applicable to temporal discrepancies in child sex abuse indictments; furthermore, defendant suffered no prejudice as his defense was based on denial of the charges rather than alibi during the time frames set out in the indictments.

**Am Jur 2d, Rape § 43.**

2. **Rape and Allied Sexual Offenses § 19 (NCI4th)— statute under which defendant charged repealed — continued effect given by repealing statute**

There was no merit to defendant's contention that the first-degree statutory rape charge against him should have been dismissed based upon lack of subject matter jurisdiction because the statute under which he was charged was repealed, since the repealing statute expressly reflected the intent of the General Assembly that the statute under which defendant was charged have continued effect *as to offenses which occurred prior to the date of repeal.*

**Am Jur 2d, Rape §§ 15-17.**

3. **Criminal Law § 1075 (NCI4th); Appeal and Error § 418 (NCI4th)— acts occurring prior to enactment of Fair Sentencing Act—appropriate law applied by trial court—failure to make assignment of error**

The trial court correctly applied the law existing prior to the Fair Sentencing Act since the offenses for which defendant was charged and convicted occurred before the effective date of the Act; however, defendant's argument that the trial court erroneously applied pre-Fair Sentencing Act sentencing

STATE v. BURTON

[114 N.C. App. 610 (1994)]

law was not before the Court where no assignment of error encompassed this assertion.

**Am Jur 2d, Appeal and Error §§ 693-696; Criminal Law § 525 et seq.**

Appeal by defendant from judgments entered 15 May 1992 by Judge Russell G. Walker, Jr. in Randolph County Superior Court. Heard in the Court of Appeals 13 September 1993.

*Attorney General Michael F. Easley, by Associate Attorney General Neil Dalton, for the State.*

*Pierre Oldham for defendant-appellant.*

JOHN, Judge.

Defendant appeals convictions of five counts of incest, two counts of taking indecent liberties with a child, and one count of first degree statutory rape. He contends the trial court erred by: (1) denying his motion to dismiss four of the charges; (2) denying his motion to dismiss 91 CRS 9418 based upon lack of subject matter jurisdiction; and (3) entering sentence. We are not persuaded by defendant's arguments.

The State presented evidence which tended to show the following: In the summer of 1991, three women complained to the Randolph County Sheriff's Department that their step-father (defendant) had sexually molested each of them many years earlier. Sandra, Sherry and Melanie stated defendant began having improper sexual contact with them shortly after he married their mother in April of 1972.

Sandra, the oldest of the three women, was born 23 July 1960 and was eleven (11) years old at the time defendant and her mother married. According to Sandra, defendant's sexual contact with her started in the summer of 1972. His actions included: fondling her breasts, digital penetration, exposing his penis, and forcing her to participate in oral sex. In approximately 1973, when Sandra was thirteen (13) years old and in the eighth grade, defendant initiated sexual intercourse with her which continued until she graduated from high school in 1978.

Sherry, born 7 August 1962, was nine (9) years old when her mother married defendant. According to Sherry, defendant

penetrated her sexual organ with his finger before her tenth birthday. When she was thirteen (13), defendant began having sexual intercourse with her, and in the spring of 1979 she became pregnant; at that time defendant was her only sexual partner. Her pregnancy was subsequently terminated by an abortion.

Melanie, the youngest of the three sisters, was born 18 November 1964. She testified defendant commenced touching her in a sexual manner when she was approximately seven (7) years old, and that sexual intercourse began when she was ten (10) or eleven (11). This behavior occurred two or three times weekly until the summer she was fourteen (14).

Debbie, defendant's biological daughter, was born 18 July 1954. According to Debbie, she lived alone with defendant after her parents' separation until shortly before defendant's remarriage. During that time, defendant would force her to watch him masturbate and to look at sexually oriented magazines. He also would rub her between her legs and tell her he was preparing her for marriage.

Defendant offered several witnesses whose testimony contradicted, in part, that of the prosecuting witnesses. He also testified and denied the allegations.

I.

[1] Defendant first contends the trial court erred by denying his motion to dismiss four of the indictments: 91 CRS 9420, 9423, 9424 and 9425. He argues the State failed to produce sufficient evidence establishing that the incidents alleged therein occurred during the time periods stated in the indictments. This assignment of error cannot be sustained.

Under N.C.G.S. § 15A-924(a)(4) (1988), an indictment must allege the date or the period of time during which the offense was committed. However, it is well established " 'that variance between allegation and proof as to time is not material where no statute of limitations is involved.' " *State v. Riggs*, 100 N.C. App. 149, 152, 394 S.E.2d 670, 672 (1990) (quoting *State v. Trippe*, 222 N.C. 600, 601, 24 S.E.2d 340, 341 (1943) ), *disc. review denied*, 328 N.C. 96, 402 S.E.2d 425 (1991). As recently stated by this Court, "the date given in the bill of indictment is not an essential element of the crime charged and the fact that the crime was in fact committed on some other date is not fatal." *State v. Norris*, 101 N.C. App. 144, 151, 398 S.E.2d 652, 656 (1990), *disc. review denied*, 328 N.C. 335, 402 S.E.2d 843 (1991).

STATE v. BURTON

[114 N.C. App. 610 (1994)]

In cases involving allegations of child sex abuse, temporal specificity requirements are further diminished. *State v. Everett*, 328 N.C. 72, 75, 399 S.E.2d 305, 306 (1991). Children frequently cannot recall exact times and dates; accordingly, a child's uncertainty as to the time of the offense goes only to the weight to be given that child's testimony. *Id.* Judicial tolerance of variance between the dates alleged and the dates proved has particular applicability where, as in the case *sub judice*, the allegations concern instances of child sex abuse occurring *years before. See State v. Norris*, 101 N.C. App. at 150-51, 398 S.E.2d at 656. Unless a defendant demonstrates that he was deprived of the opportunity to present an adequate defense due to the temporal variance, the policy of leniency governs. *State v. Young*, 103 N.C. App. 415, 420, 406 S.E.2d 3, 6, *disc. review denied*, 330 N.C. 201, 412 S.E.2d 65 (1991); *Riggs*, 100 N.C. App. at 152, 394 S.E.2d at 672; *see also* G.S § 15A-924(a)(4) ("Error as to a date or its omission is not ground for dismissal of the charges or for reversal of a conviction if time was not of the essence with respect to the charge and the error or omission did not mislead the defendant to his prejudice.").

Indictment 91 CRS 9420 alleged defendant took indecent liberties with Sherry between November 1975 and March 1976; Sherry was age thirteen (13) during this time period. She testified defendant began fondling her sexually when she was nine (9) years old and that this behavior progressed to sexual intercourse when she was thirteen. The episodes of sexual intercourse occurred "two or three times a week" from age thirteen until Sherry's high school years. Evidence of sexual intercourse is sufficient to withstand a motion to dismiss a charge of taking indecent liberties with a child. *See State v. Rhodes*, 321 N.C. 102, 104-05, 361 S.E.2d 578, 580 (1987).

Indictments 91 CRS 9423 and 9424 charged that defendant committed incest with Sherry in March 1977 and September 1976, respectively. Defendant argues there exists a fatal variance in that Sherry testified to but one instance of sexual intercourse occurring when she was thirteen (13) years old, *i.e.*, at least one month before the time charged in indictment 91 CRS 9224 and at least seven months before the time charged in indictment 91 CRS 9423. We rejected a similar contention in *Norris. See Norris*, 101 N.C. App. at 151, 398 S.E.2d at 656. Furthermore, defendant's argument ignores Sherry's testimony that sexual intercourse occurred "two or three times a week" from age thirteen until her high school years.

Finally, indictment 91 CRS 9425 accused defendant of incest with Sandra between September 1975 and May 1976; Sandra was fifteen (15) years old during this time period. She testified at trial that defendant began having sexual intercourse with her in 1973 and continued to do so until 1978, thus presenting evidence the episodes of sexual intercourse were ongoing after 1973 and continued through the time period set out in the indictment.

Based on the foregoing and in light of the policy of leniency applicable to temporal discrepancies in child sex abuse indictments, we hold no fatal variance exists as to any of the four challenged offenses. In any event, we further note defendant has suffered no prejudice as his defense was based upon denial of the charges rather than alibi during the time frames set out in the indictments. *See State v. Effler*, 309 N.C. 742, 750, 309 S.E.2d 203, 208 (1983).

II.

**[2]** Defendant next maintains the trial court erred by denying his motion to dismiss 91 CRS 9418 based upon lack of subject matter jurisdiction. Defendant in that case number was charged with first degree statutory rape under former N.C.G.S. § 14-21 (repealed effective 1 January 1980). He argues that because the statute was repealed, the indictment charging a violation thereof was without effect. We disagree.

The general rule is that one may not be convicted pursuant to a repealed criminal statute, even though the offense was committed prior to the date of repeal, *unless a contrary intent on the part of the legislature appears in the language of the repealing statute. State v. McCluney*, 280 N.C. 404, 406, 185 S.E.2d 870, 871 (1972); *see also In re Incorporation of Indian Hills*, 280 N.C. 659, 664, 186 S.E.2d 909, 912 (1972). In the case *sub judice*, G.S. 14-21 was repealed by *An Act to Clarify, Modernize and Consolidate the Law of Sex Offenses*, 1979 N.C. Sess. Laws ch. 682, which provides in relevant part as follows:

This act shall become effective January 1, 1980, and shall apply to offenses occurring on and after that date. *Nothing herein shall be construed to render lawful acts committed prior to the effective date of this act and unlawful at the time the said acts occurred; and nothing contained herein shall be construed to affect any prosecution instituted under any section repealed by this act pending on the effective date hereof.*

STATE v. BURTON

[114 N.C. App. 610 (1994)]

1979 N.C. Sess. Laws ch. 682, 14 (emphasis added). This section expressly reflects the intent of the General Assembly that G.S. § 14-21 have continued effect as to offenses which occurred prior to the date of repeal. Accordingly, we reject this assignment of error.

## III.

[3] Defendant's last assignment of error is directed at the trial court's imposition of sentence. Because the alleged offenses were committed prior to passage of the Fair Sentencing Act (FSA), the court sentenced defendant pursuant to pre-Act law. Defendant asserts (1) sentencing should have been conducted according to the provisions of the FSA and that (2) even if the FSA is inapplicable, the trial court erroneously interpreted and applied pre-FSA law. We find these arguments to be unfounded.

The FSA, N.C.G.S. § 15A-1340.1 to -1340.7 (1988), was designed to create uniformity in sentences for the same offenses and to reduce the indeterminate nature of sentences. *See State v. Thompson*, 310 N.C. 209, 219-20, 311 S.E.2d 866, 872 (1984), *overruled on other grounds, State v. Vandiver*, 321 N.C. 570, 364 S.E.2d 373 (1988). However, the Act specifically provides that it is applicable only to felonies occurring on or after 1 July 1981. N.C.G.S. § 15A-1340.1; *State v. Jones*, 66 N.C. App. 274, 279, 311 S.E.2d 351, 354 (1984). Accordingly, since the offenses for which defendant was charged and convicted occurred *before* the effective date of the FSA, the trial court correctly applied pre-FSA law.

With regard to defendant's insistence that the trial court erroneously applied pre-FSA sentencing law, we note no assignment of error can fairly be considered to encompass this assertion. The scope of appellate review is limited to those issues raised in an assignment of error set out in the record on appeal. N.C.R. App. P. 10(a). Therefore, defendant's argument is not properly before us. *See State v. Thomas*, 332 N.C. 544, 554, 423 S.E.2d 75, 80 (1992). Further, we observe defendant has failed to cite any authority in support of this contention. *See State v. Green*, 101 N.C. App. 317, 320, 399 S.E.2d 376, 378, *supersedeas and temporary stay denied*, 328 N.C. 335, 400 S.E.2d 449 (1991).

No error.

Chief Judge ARNOLD and Judge WYNN concur.