STATE *vs.* CHANEY WISE. .

1. Where time is not of the *essence* of the offence, and there is but *one* statute applicable to the matter, although that statute be recent, or, recent and not to take effect until after a specified time, the indictment need not contain an averment that the offence was committed *after* the statute went into operation.

2. But where there are *two* statutes, in reference to the same offence, and the one of subsequent date changes the nature of the offence, or the punishment of the same, the indictment must, by proper averment, refer to the statute under which it was found, so that the Court may see the exact character of the offence, and the nature and measure of the punishment to be imposed.

3. The 20th sec., 35 chap., Rev. Code, is intended to cure only formal defects in the indictment, after judgment, and not omissions of averments, necessary to enable the Court to give judgment intelligently, and, as in this case, to see whether to proceed under the one statute or the other.

4. Therefore, where, by the Act of 1869, the punishment for arson was confinement in the penitentiary, and by the Act of 1871, death, and the offence was committed *after* the last mentioned act, but the time designated in the indictment was *before* it, and there was no averment in the indictment specifying which of the two acts it was found under, and there was a verdict of guilty, and judgment of death, *held*, that the judgment must be arrested.

5. Whether the *Solicitor* may move for judgment, treating the indictment as found under the Act of 1869,—*quere.*

*State* v. *Lane,* 2 *Dev.,* 567. *State* v. *Chandler,* 2 *Hawks,* 439, and *State* v. *Putney, Phil., L.* 543, cited and approved.

This was an indictment for arson, tried before Clarke, Judge, at Fall Term 1871, of Craven Superior Court.

The following is a copy of the indictment:

"NORTH CAROLINA,     SUPERIOR COURT,

CRAVEN COUNTY.     Fall Term, 1871.

The jurors for the State, upon their oath, present, that Chaney Wise, late of Craven county, not having the fear of

God before his eyes, but being moved and seduced by the instigation of the devil, on the first day of January, in the year A. D., 1871, with force and arms, at and in, said county, feloniously, unlawfully, wilfully and maliciously, did set fire to and burn a certain dwelling house of one Joseph A. Mason, there situate contrary to the form of the statute, in such, case made and provided, and against the peace and dignity of the State.

JOHN V. SHERRARD, SOL."

The evidence was: That the house was burnt, on the 8th day of August, 1871. Evidence was also introduced tending to connect the prisoner with the arson. He was convicted by the jury. The prisoner's counsel moved in arrest of judgment. The motion was overruled by His Honor, and sentence of death pronounced. From which judgment the prisoner appealed to the Supreme Court.

*Attorney General* for State.
*J. H. Haughton* for defendant.

PEARSON, C. J. When time, is not of the essence of the offence, and there is but *one* statute applicable to the matter; although the statute be recent, or, although it be recent, and is not to take effect until after a specified day, the indictment need not aver that the offence was committed after the statute went into operation, for the averment, that the act was done, against the form of the statute, and this averment being found by the verdict, which is a part of the record, makes it manifest to the Court, that the fact was done so as to be criminal, within the statute; that is to say, it was committed after its passage, or, after the day specified for it to take effect. *State* v. *Lane*, 2 *Dev.*, 567. *State* v. *Chandler*, 2 *Hawks*, 439.

We have stated the principle, established by these cases, with the restriction, where there is but *one statute* applicable

to the matter, for that was the fact in the cases cited. The question is left open, in cases where there are *two* statutes applicable to the matter; as in our case. We are to decide, whether the fact of there being two statutes applicable to the matter, in respect to the punishment only, prevents the application of the principle that the indictment need not aver, that the offence was committed after the statute went into effect.

By the Act of 1869, the punishment for arson or burglary, is confinement in the penitentiary. By the act 1871, the punishment for these crimes, is death: as the judgment was upon this act, it is set out:

Sec. 1. "Any person convicted according to due course of law of the crime of arson or burglary shall suffer death."

Sec. 2. "All laws or parts of laws enacted since the adoption of the present State Constitution, fixing punishment for arson and burglary, are hereby repealed, so far as the same might apply to such crimes hereafter committed."

Sec. 3. "This act shall be in force from and after its ratification. Ratified 4th day of April, 1871."

The statute is not worded with perspicuity, but the meaning is: the punishment for arson and burglary committed before 4th April, 1871, shall continue to be confinement in the penitentiary, under the Act of 1869; but the punishment for these crimes committed after the 4th of April, 1871, shall be death. So we have two statutes, not affecting the nature of the crime, and having reference only to the punishments. The statutes do not conflict, so that the former is not repealed by the latter. Nor are the statutes cumulative, so that the two might be embraced in an averment, "contrary to the form of the statutes; but the statutes are independent and separate, one covering arson and burglary, committed before, and the other covering the same crimes committed after, 4th April, 1871.

The indictment avers that the crime was committed "contrary to the form of the statute, in such case made and provided," and the jury found the prisoner guilty, as charged. How

can the Court see from the record, whether the prisoner was convicted under the act of 1869, or under the Act of 1871? The Court must be informed judicially by the record, under which one of these two statutes, the prisoner is convicted, before it can proceed to judgment. We were not referred on the argument to any authority bearing upon the point, nor have our researches enabled us, to find one. *State* v. *Putney, Phillips, L.* 543. The indictment under the prior act, was found before passage of the Act, 1867. So the point was not presented. But we are satisfied from the " reason of the thing," that it was error to pronounce judgment, as upon a conviction under the Act of 1871, and that an exception must be made to the principle announced in the cases referred to, of cases, like the one under consideration.

Whether, had the indictment, set out a day, on which the crime was committed, that day being after the 4th April, 1871, it would have had the effect to remove the uncertainty and enable the Court to see from the record, that the person was convicted under the Act of 1871; is a point not presented; on on the contrary a day before that time, to-wit: 1st day of January, 1871, is set out. We will merely remark, that except where time is of the essence of the offence, the day set out is immaterial, need not be proved, and a variance is not fatal, the day being deemed merely matter of form; for the sake of certainty of statement, generality, even in matters not essential being, " ill pleading." It was suggested, that the defect is cured by *Rev. Code, ch.* 35, *sec.* 20, and the judgment cannot be reversed. The provision is—" No judgment upon any indictment for felony, or misdemeanor, whether after verdict or by confession or otherwise, shall be stayed or reversed for the want of the averment of any matter unnecessary to be proved, nor for the omission of the words, as appears by the record, or of the words, " with force and arms." Nor for the insertion of the words " against the form of the statute, or *vice versa ;* nor for omitting to state the time, at which the offence

was committed, in any case, where time is not of the essence of the offence, nor for stating the time imperfectly, nor for stating the offence to have been committed on a day subsequent to the finding of the indictment or on an impossible day, or on a day that never happened, &c."

In our case, "time is not of the essence of the offence," in the sense in which the words are ordinarily used in the books, that is, time does not constitute a part of the *crime* of *arson* and there was no occasion to set it out in the indictment in describing the crime. The suggestion at first had much force. But upon consideration, it occurred to us, that the Act referred to, was intended only to cure formal defects, after conviction, so that the guilty should not go "unwhipt of justice," and evade punishment on technical objections, as had often happened, on the frivolous points enumerated in the Act. The rule "*Noscitur a sociis*" seemed to exclude from such company a vital defect, such as we have in this case, which could not be cured, unless the Court is to give judgment in the dark, it not being apparent on the record, under which one of the two statutes, the person was convicted, so, of course, it could not be known, judicially, whether the man should be sent to the penitentiary or should be hanged !

Upon full consideration, we are satisfied that the scope of the act must be confined to formal objections, and that the words "nor for omitting to state the time at which the offence was committed, in any case where time is not of the essence of the offence," have reference only to the statement of the day, as a formality for the sake of certainty of pleading.

For, although in our case, time is not of the essence of the offence, as night time in burglary, or "when is it made unlawful to do certain things between such a day and such another day in the year," or to do certain things on the Sabbath day, yet as we have seen, in our case, time has a most important effect upon the punishment and the expression in the Act is not appropriate, for the purpose of expressing a purpose to cure

the defect of an omission, to make an averment necessary to enable the Court to give judgment, intelligently, and to know whether to proceed upon the one statute or the other : for illustration—had the indictment omitted to set out, that the house was burnt on a particular day, and concluded against the form of the statue entitled "an Act in relation to punishment for arson and burglary," ratified 4th day of April, 1871. Often, indeed, the omission to state a day, when the house was burnt, would have been cured. But, curing a defect, in not averring in some way, under what statute the prisoner was indicted, either by direct reference to the statuteas above, or by an averment that the crime was committed after the 4th day of April, 1871, is beyond the scope and intent of the act.

The judgment pronounced as upon a conviction under the Act of 1871, is reversed. This opinion will be certified to the end, that the Court then may allow the motion to arrest judgment under the Act of 1871.

Whether the Solicitor for the State can maintain a motion in that event for judgment as upon a conviction under the Act of 1869, is not ours, at this time, to decide. The averment that the crime was committed on the 1st day of January, 1871, would seem to point to that statute, but as we have seen the day set out is not material, need not be proved and a variance is not fatal, it may be that judgment cannot be pronounced as upon a conviction, on either one of the statutes, by reason of the uncertainty.

ERROR. This will be certified to the end, &c.