## STATE v. MARVIN BAXLEY.

(Filed 19 May, 1943.)

**1. Indictment §§ 11, 24: Rape § 3—**

On the trial of an indictment for carnal knowledge of a female under 16 years of age, C. S., 4209, time is not of the essence of the offense and a variance between allegation and proof as to the date is not material, the statute of limitations not being involved.

**2. Criminal Law § 41f—**

Inconsistency between the testimony given by a prosecuting witness on the trial and her previous statement is a matter affecting her credibility only, and does not warrant the withdrawal of the case from the jury.

APPEAL by defendant from *Thompson, J.,* at September Term, 1942, of ROBESON. No error.

The defendant was charged with carnal knowledge of a female under the age of sixteen, in violation of C. S., 4209. There was verdict of guilty, and from judgment imposing sentence the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*F. Wayland Floyd and W. S. Britt for defendant.*

DEVIN, J. The statute under which the defendant was indicted and convicted provides that "if any male person shall carnally know or abuse any female child, over 12 and under 16 years of age, who has never had sexual intercourse with any person, he shall be guilty of a felony." The elements of the offense were outlined in *S. v. Swindell,* 189 N. C., 151, 126 S. E., 417.

In the case at bar the State's evidence tended to show that the first act of sexual intercourse between the defendant, 21 years of age, and the State's witness, Gladys Lee Powell, who was then 14 years of age, took place about September, 1941. The State's witness also testified there were two other later acts, one in December, 1941, and the last in April, 1942, and that she had, previous to her first intercourse with the defendant, never had such relations with any person. The evidence was of sufficient probative force to be submitted to the jury.

The defendant complains of the verdict and judgment chiefly on the ground that the State's witness testified at the preliminary hearing that the first act of intercourse with the defendant occurred in April, 1942, and the bill of indictment charged that the offense was committed on that date, whereas on the trial in the Superior Court she testified to two prior acts of intercourse, the first taking place in September, 1941. It was urged that in respect to the time there was a variance between the bill of indictment and the proof, and that the State's witness having admitted acts of intercourse previous to the date set out in the bill, the defendant was entitled to the allowance of his motion for judgment of nonsuit.

However, as was held in *S. v. Trippe,* 222 N. C., 600, time was not of the essence of the offense, and variance between allegation and proof as to the date was not material, the statute of limitations not being involved. The State's witness testified she had never had sexual intercourse with

any other person than the defendant. It was said in the *Trippe case, supra:* "It is to the girl's first act of intercourse with a man, when she is under sixteen years of age, that the law attaches criminality on the part of the man." If the defendant was taken by surprise by the difference between the testimony of the State's witness and her previous statement as to dates, he should have asked for a mistrial or for an adjournment. Inconsistency between her testimony on the trial and her previous statement was a matter affecting her credibility only, and did not warrant withdrawal of the case from the jury. *S. v. Johnson,* 220 N. C., 773, 18 S. E. (2d), 358.

The defendant denied having had any improper relations with the State's witness, but the jury accepted the State's evidence and found him guilty. There was no error in the charge or in any ruling of the court of which the defendant can justly complain.

On the record, we conclude that in the trial there was

No error.