STATE OF NORTH CAROLINA v. WILLIAM ANDREW McKINNEY

No. 9219SC131

(Filed 1 June 1993)

1. **Indictment, Information, and Criminal Proceedings § 29 (NCI4th)— rape—allegations as to dates not specific—not grounds for dismissal**

Indictments for first-degree rape which alleged that the date of the offenses was July, 1985 through July, 1987 were not fatally defective because time is not of the essence of the offense and does not constitute an element of the offense. N.C.G.S. § 15A-924(a)(4).

**Am Jur 2d, Indictments and Informations §§ 115-121.**

2. **Indictment, Information, and Criminal Proceedings § 52 (NCI4th)— first-degree rape and indecent liberties—time of offense—variance between indictment and evidence—not fatal**

Charges of first-degree rape and indecent liberties were not required to be dismissed where the indictments alleged that the offenses occurred on 15 March 1988 and the evidence at trial was that the offenses occurred in the summer of 1987. Time was not of the essence for either of the felony offenses and there is no statute of limitations.

**Am Jur 2d, Indictments and Informations § 268.**

3. **Evidence and Witnesses § 374 (NCI4th) — rape and indecent liberties — prior instances of sexual misconduct — common plan or scheme — admissible**

There was no error in a prosecution for first-degree rape and indecent liberties in the admission of evidence that defendant had made young girls watch films and that he slept overnight in his locked bedroom with a child under the age of 13 where the State offered the testimony as evidence of a common plan or scheme on the part of defendant to win the trust of young girls in order to molest them. The testimony established that defendant brought little girls to his residence to watch adult films and to spend the night in his bed at least as early as 1983 or 1984, and other evidence established that he continued to associate with young girls in order to molest them until 1989. Contrary to defendant's contention, "prior bad act" evidence necessarily will encompass crimes, wrongs, or acts which occurred prior to the date or time period listed in the indictment. Defendant's contention that evidence of prior instances of misconduct is inadmissible under N.C.G.S. § 8C-1, Rule 608 is without merit because evidence of wrongful acts admissible under N.C.G.S. § 8C-1, Rule 404(b) is not within the scope of Rule 608.

**Am Jur 2d, Rape § 73.**

4. **Appeal and Error § 155 (NCI4th) — rape and indecent liberties — motion to dismiss not made — may not raise on appeal**

A defendant in a prosecution for first-degree rape and indecent liberties could not challenge on appeal the sufficiency of the evidence where he made no reference to the pages in the record which would reflect that defendant made such a motion and an exhaustive review of the record reveals that defendant did not move to dismiss the charges at the close of the evidence.

**Am Jur 2d, Appeal and Error §§ 562 et seq.**

5. **Criminal Law § 481 (NCI4th) — jurors conferring prior to deliberations — motion for appropriate relief denied — no error**

The trial court did not err in a prosecution for rape and indecent liberties by denying defendant's motion for appropriate relief based on alleged juror misconduct where the trial court made detailed findings and concluded that defendant was not

prejudiced by the alleged discussions among some members of the jury prior to deliberations.

**Am Jur 2d, Trial §§ 999 et seq.**

**Propriety and effect of jurors' discussion of evidence among themselves before final submission of criminal case. 21 ALR4th 444.**

Judge McCRODDEN concurring.

Appeal by defendant from judgments entered 10 September 1991 in Randolph County Superior Court by Judge W. Douglas Albright. Heard in the Court of Appeals 9 March 1993.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Ellen B. Scouten, for the State.*

*Crumley & Biggs, by Bobby J. Crumley and T.C. McCahan, for defendant-appellant.*

GREENE, Judge.

Defendant appeals from judgments entered 10 September 1991, which judgments are based on jury verdicts convicting defendant of two counts of taking indecent liberties with a child, N.C.G.S. § 14-202.1, a Class H felony with a maximum term of ten years and a presumptive term of three years, and three counts of first-degree rape, N.C.G.S. § 14-27.2, a Class B felony with a maximum term of life in prison.

On 16 July 1990, defendant was indicted in Randolph County for one count of first-degree rape of T.B., a child under the age of thirteen, and for one count of taking indecent liberties with T.B. The indictments allege that the offenses occurred on 15 March 1988. On 20 August 1990, defendant was indicted in Guilford County for another count of first-degree rape of T.B. Defendant was also indicted on 20 August 1990 in Guilford County for one count of first-degree rape of S.J., a child under the age of thirteen. Both of the indictments allege that the date of the offenses was "July, 1985 thru July, 1987." Defendant filed a motion for a bill of particulars in these cases. The State responded in relevant part that, because of the young age of the children involved, it "[could] not give a time of any occurrence," but that S.J. stated that it happened when she was six or seven years old and continued until she was

nine, and T.B. stated that defendant "began messing with me when I was four and continued until I was nine." Defendant made a pre-trial motion to dismiss the two Guilford County rape indictments on the ground that they fail to allege the date of the offenses with sufficient particularity to enable defendant to prepare an adequate defense in violation of N.C.G.S. § 15A-924(a)(4) and his constitutional rights. The trial court denied the motion.

On 26 November 1990, defendant was indicted in Randolph County for one count of taking indecent liberties with D.C., a child under the age of sixteen, which, according to the indictment, occurred on 15 July 1989. On 31 July 1991, defendant waived venue in the two Guilford County rape cases alleged to have occurred between July 1985 thru July 1987. These cases were moved to Randolph County and were consolidated for trial with the three Randolph County indictments. Defendant filed a written motion in limine in all the cases seeking an order instructing the district attorney and all witnesses for the State to refrain from mentioning in the presence of the jury any alleged prior acts of sexual misconduct on the part of defendant. The trial court denied defendant's motion in limine and instead decided to rule on the admissibility of the evidence as needed at trial.

At trial, the State presented the testimony of complainant S.J., who was fourteen years old at the time of trial. S.J. testified that when she was six or seven years old, she would visit defendant at his home and sometimes would spend the night. On one occasion when she spent the night at defendant's home in High Point along with her cousin, defendant played a "dirty" movie which S.J., her cousin, and defendant watched. They later went to sleep in defendant's room. S.J. woke up and found defendant unclothed and lying on top of her. According to S.J., defendant had his "private" inside of her, and that this had happened before.

The State also presented the testimony of complainant T.B., who was eleven years old at the time of trial. T.B. testified that when she was five or six years old, defendant took her and her cousin skating and then to his apartment in High Point to spend the night. T.B. awoke to find defendant's "hands on my private." T.B. also testified that defendant later moved to a house in Hillsville, where he built a swimming pool in the back yard during the second summer after he moved in. On one occasion during the first summer after defendant moved into the house in Hillsville, while visiting

defendant, T.B. recalled defendant taking off his clothes and "sticking his penis inside" her. T.B. testified that defendant had done the same thing "a lot" at his High Point residence.

Complainant D.C., who was nine years old at trial, testified that one night when she was six or seven years old, she and a friend spent the night on a couch at defendant's house in Hillsville, and that it was after defendant built his swimming pool. D.C. testified that defendant woke her up in the middle of the night, took her hand, and placed it "on his private."

In addition to testimony of the complainants, the State presented, over defendant's objection, as evidence of a common plan or scheme on the part of defendant to molest young girls the testimony of Cindy Kendrick and Lori Kuplin, both of whom were twenty years old at the time of trial. Kendrick testified that on one occasion when she was twelve or thirteen years old (prior to July, 1985), she, Lori Kuplin, and S.J. were at defendant's home. According to Kendrick, defendant made the girls watch adult films and later took S.J. to his bedroom where the two spent the night with the door locked. Lori Kuplin's testimony was essentially the same as that of Kendrick.

At the close of the State's evidence, defendant made a motion to dismiss the Randolph County charge of indecent liberties involving D.C. on the ground that the State failed to present sufficient evidence of the essential elements of the offense. Defendant also made a motion to dismiss the Randolph County indecent liberties and first-degree rape indictments involving T.B., on the ground that the evidence presented by the State in support of these indictments shows that the offenses occurred in the summer of 1987, and not on the dates alleged in the indictments—15 March 1988. Defendant's motions were denied by the trial court.

Defendant presented evidence, including the testimony of a clinical psychologist who had administered a penile plethysmograph test to defendant. The psychologist testified that, based on the results of the test, in his opinion defendant did not have the mental condition known as pedophilia. At the close of all the evidence and after arguments of counsel and instructions, the jury convicted defendant on all charges. After sentencing, defendant filed a motion for appropriate relief pursuant to N.C.G.S. § 15A-1414, alleging, among other things, that members of the jury, including the alternate juror, were improperly discussing the case during breaks and

prior to the submission of the case to the jury for deliberation. The trial court, after making detailed findings and conclusions, denied the motion. Defendant appeals.

---

The issues presented are whether the trial court committed reversible error in (I) refusing to dismiss for lack of specificity the rape indictments which allege that defendant committed one count of first-degree rape each against S.J. and T.B. in "July, 1985 thru July, 1987"; (II) refusing to dismiss the indecent liberties and first-degree rape indictments involving T.B. on the ground that the evidence presented at trial regarding the date of the offenses varied from the 15 March 1988 date alleged in the indictments; and (III) admitting pursuant to Rule 404(b) evidence of defendant's prior sexual misconduct involving young girls.

I

[1] Defendant argues that the two first-degree rape indictments alleging the date of the offenses as "July, 1985 thru July, 1987" are fatally defective in that they fail to allege with specificity the date of the offenses in violation of N.C.G.S. § 15A-924(a)(4) and the United States Constitution.

North Carolina Gen. Stat. § 15A-924 provides that a criminal pleading must contain

[a] statement or cross reference in each count indicating that the offense charged was committed on, or on or about, a designated date, or during a designated period of time.

N.C.G.S. § 15A-924(a)(4) (1988). However, the failure to include in the indictment a designated date or period of time within which the offense occurred does not in every event require dismissal of the indictment. *State v. Everett*, 328 N.C. 72, 75, 399 S.E.2d 305, 306 (1991). If time is of the essence of the crime charged, the indictment must be dismissed under Section 924(a)(4) only if (1) there is an error in the date or period of time listed on the indictment, or the omission thereof, *and* (2) the error or omission misled the defendant to his prejudice. *See State v. Oliver*, 85 N.C. App. 1, 7, 354 S.E.2d 527, 531, *disc. rev. denied*, 320 N.C. 174, 358 S.E.2d 64 (1987) (because there was no error in the dates alleged in the indictment, even if time were of the essence in defendants' cases, the charges would not be subject to dismissal under Section 924(a)(4) ); *Everett*, 328 N.C. at 75, 399 S.E.2d at 306. If time is

not of the essence of the offense charged, the failure to state the time at which the offense was committed, or stating the time imperfectly, is not grounds for dismissal of the indictment. N.C.G.S. § 15-155 (1983). Our construction of the statutes at issue incorporates the rights afforded a criminal defendant under the United States Constitution. See 1 Charles Alan Wright, *Federal Practice and Procedure: Federal Rules of Criminal Procedure* § 125 at 381-83 (2d ed. 1982); 2 Charles E. Torcia, *Wharton's Criminal Procedure* § 249 (13th ed. 1990); Joseph G. Cook, *Constitutional Rights of the Accused: Pre-trial Rights* § 88 (1972).

Thus, the indictments in the instant case must be evaluated in the context of whether time is of the essence of the offense of first-degree rape. Because time does not constitute an element of first-degree rape, see N.C.G.S. § 14-27.2 (1986), time is not of the essence of the crime. See *State v. Wise*, 66 N.C. 120, 122 (1872) (time is not of the essence of the offense unless time constitutes a part of the crime, e.g., time is of the essence of first-degree burglary because an essential element of first-degree burglary is the commission of the crime in the nighttime); *State v. Baxley*, 223 N.C. 210, 211, 25 S.E.2d 621, 622 (1943) (time is not of the essence of the offense of rape of a female under the age of sixteen). Accordingly, because in the instant case the failure of the indictments to allege *any* date on which the offenses occurred would not be grounds for dismissal of the charges, the designation of a two-year period is not grounds for dismissal.

II

[2] Defendant argues that the trial court committed reversible error in refusing to grant defendant's motion at the close of the State's evidence to dismiss the indecent liberties and first-degree rape charges involving T.B. Specifically, defendant contends that T.B.'s testimony at trial established that the offenses occurred during the summer before defendant built his swimming pool, which would have been the summer of 1987, not on 15 March 1988 as alleged in the indictments. Defendant contends that the variance in the proof at trial and the date alleged in the indictments requires dismissal of the charges.

When time is not of the essence of the offense charged, a variance between the date alleged in the indictment and proof of the date at trial is not grounds for dismissal of the charges, provided that no statute of limitations is involved. N.C.G.S.

§ 15A-924(a)(4) (1988); *Baxley*, 223 N.C. at 211, 25 S.E.2d at 622. ·Because, based on our previous discussion, time is not of the essence of either of the felony offenses challenged by defendant, for which ·there is no statute of limitations, we reject this assignment of error.

## III

**[3]** Defendant contends that the trial court committed prejudicial error by admitting pursuant to North Carolina Rule of Evidence 404(b) testimony regarding prior .instances of defendant's sexual misconduct. Specifically, defendant contends that he was unfairly prejudiced by testimony that he made young girls watch adult films and that he slept overnight in his locked bedroom with S.J.

Evidence of a defendant's prior crimes, wrongs, or acts is admissible pursuant to Rule 404(b) if it is offered for a proper purpose, is relevant, has probative value which is not substantially outweighed by the danger of unfair prejudice to the defendant, and, if requested, is coupled with a limiting instruction. *State v. Haskins*, 104 N.C. App. 675, 679, 411 S.E.2d 376, 380 (1991), *disc. rev. denied*, 331 N.C. 287, 417 S.E.2d 256 (1992). It is well established that, to be admissible, evidence of a defendant's prior sexual misconduct offered to show a common plan or scheme must be sufficiently similar to the crime with which the defendant is charged and not too remote in time. *State v. Jones*, 322 N.C. 585, 589, 369 S.E.2d 822, 824 (1988). However,

> [w]hile a lapse of time between instances of sexual misconduct slowly erodes the commonality between acts and makes the probability of an ongoing plan more tenuous, the continuous execution of similar acts throughout a period of time has the opposite effect. When similar acts have been performed continuously over a period of years, the passage of time serves to prove, rather than disprove, the existence of a plan.

*State v. Shamsid-Deen*, 324 N.C. 437, 445, 379 S.E.2d 842, 847 (1989) (citation omitted).

The State offered and the trial court admitted the testimony of which defendant complains pursuant to Rule 404(b) as evidence of a common plan or scheme on the part of defendant to win the trust of young girls in order to molest them. The testimony established that defendant, at least as early as 1983 or 1984, brought little girls to his residence to watch adult films and to spend the night with defendant in his bed. Other evidence presented by the

State established that defendant continued to find opportunities to associate with young girls in order to molest them until 1989. We hold that the challenged testimony was properly admitted by the trial court as evidence of a common plan on defendant's part to molest young girls.

We note that defendant's repeated contention that the testimony was inadmissible under Rule 404(b) because the alleged misconduct "occurred outside of the indictment period" is illogical. "Prior bad act" evidence as a general rule encompasses evidence of a defendant's crimes, wrongs, or acts which are similar to and occurred prior to the crime with which defendant is charged. Thus, the evidence necessarily will encompass crimes, wrongs, or acts which occurred prior to the date or time period listed on the indictment. In addition, defendant's contention that evidence of prior instances of his alleged sexual misconduct is inadmissible under Rule 608 simply is without merit, as "[e]vidence of wrongful acts admissible under Rule 404(b) is not within [the scope of Rule 608] and is admissible by extrinsic evidence or by cross-examination of any witness." N.C.G.S. § 8C-1, Rule 608 commentary (1992).

IV

Defendant raises several contentions which we summarily address.

[4] Defendant argues that "the trial court committed reversible error by failing to grant defendant's motion for an acquittal at the close of all the evidence" because the evidence in each case was insufficient to justify submission of the case to the jury. Defendant makes no reference to the pages in the record which would reflect that he made such a motion, and an exhaustive review of the record reveals that defendant, in fact, did not move to dismiss the charges at the close of all the evidence. "[I]f a defendant fails to move to dismiss the action . . . at the close of all the evidence, he may not challenge on appeal the sufficiency of the evidence to prove the crime charged." N.C.R. App. P. 10(b)(3) (1993).

[5] Defendant argues that the trial court committed error by not granting defendant's motion for appropriate relief based on alleged jury misconduct. In his brief, defendant cites no authority to support his contentions in this regard, and we are not persuaded by his argument, in light of the trial court's detailed findings and

conclusion that defendant was not prejudiced by the alleged discussions among some members of the jury prior to deliberations.

We have carefully reviewed defendant's remaining assignments of error and have determined that they are without merit.

## V

The State in its brief, although it did not, and could not, perfect an appeal in this case, raises the issue of whether the trial court erred when it allowed a licensed clinical psychologist to testify on defendant's behalf regarding the results of a penile plethysmograph which he administered to defendant. As described by the psychologist, a penile plethysmograph is a device which, when placed on the human male penis, measures blood flow into the penis as various photographs are shown to the male. Having denied the State's petition for writ of certiorari, this issue of first impression in North Carolina is not properly before us.

With regard to the judgments in these cases,

No error.

Chief Judge ARNOLD concurs.

Judge MCCRODDEN concurs with separate opinion.

Judge MCCRODDEN concurring.

I concur in the result reached by the majority, but I do not believe that that opinion fully explores the problems inherent in indictments, such as the one in Case No. 91 CRS 101, alleging first degree rape of T.B. during a period spanning two years. N.C. Gen. Stat. § 15A-924(a)(4) (1988) requires that a criminal pleading must contain a statement that "the offense charged was committed on, or on or about, a designated date, or during a designated period of time." Our courts have recognized and allowed the leniency afforded young witnesses whose concept of time is not precise, see, e.g., State v. Everett, 328 N.C. 72, 75, 399 S.E.2d 305, 306 (1991), and periods of time stated in indictments have increased to reflect the unfortunate fact that many cases involving sexual abuse of children continue undetected for months and years.

Those facts, however, should not give prosecutors a false sense about their pleadings. In this case, for example, as counsel for defendant argued, evidence at trial showed that another first degree rape of T.B., the one charged in 90 CRS 6084 as occurring on 15 March 1988, actually occurred sometime in 1987, possibly within the two-year period of the first degree rape alleged by 91 CRS 101. This scenario raises the constitutional issue of double jeopardy, an issue the majority glosses over, in parts I and II of its opinion, by relying on that time-honored phrase that, where time is not of the essence of a particular crime, (I) the designation of a two-year period in the indictment is not fatal, and (II) a variance between the date alleged in the indictment and the date proved at trial is not grounds for dismissal. The case of State v. Wise, 66 N.C. 120 (1872), cited by the majority, stands for more than the majority indicated. In that case, while the Supreme Court acknowledged that time was not of the essence of the crime (arson) for which Wise had been indicted, it noted that "time has a most important effect upon the punishment," 66 N.C. at 124, because the date upon which Wise had committed his criminal deed would decide whether he received imprisonment under a law passed in 1869, or death under an 1871 act. The Court reversed the judgment based on the 1871 act, reserved for the future the question of whether the prosecutor could maintain a motion for judgment as upon a conviction under the 1869 act, and stated that, "it may be that judgment cannot be pronounced as upon conviction on either one of the statutes, by reason of the uncertainty." Id. at 125.

Absent other evidence that defendant in the instant case had committed first degree rape of T.B. on a number of occasions, this Court would not be able to determine whether the jury convicted defendant of the two first degree rape charges found in 90 CRS 6084 and 91 CRS 101 on the basis of the single 1987 incident. Indeed, absent such evidence, time would have a "most important effect upon the punishment," because defendant would have received two consecutive life sentences for identical offenses based upon the same act, in violation of defendant's Fifth Amendment right not to be twice tried for the same offense. Only because there is ample evidence that defendant had sexual intercourse with the child on a number of occasions within this period, including possibly the date in 1987 used to convict him of the rape charge in the 90 CRS 6084 indictment, will I stand with the majority in finding no error.