STATE OF NORTH CAROLINA v. WAYNE ANTONIO BUNN, Defendant

No. COA04-1683

(Filed 18 October 2005)

**1. Constitutional Law— right to confrontation—nontestimonial evidence**

The trial court did not commit plain error in a possession with intent to sell and deliver marijuana, sale and delivery of marijuana, and possession of cocaine with intent to sell case by allegedly violating defendant's right to confrontation arising from the use of expert testimony based on chemical analyses conducted by a nontestifying chemist, because: (1) defendant had an opportunity to cross-examine the expert; (2) the analyses on which the expert testimony was based were not hearsay since it was not offered for the truth of the matter asserted, but rather to demonstrate the basis of the expert's testimony; and (3) it is well-established that an expert may base an opinion on tests performed by others in the field.

**2. Drugs— possession of cocaine with intent to sell—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of possession of cocaine with intent to sell, because: (1) there was substantial evidence to establish that defendant possessed the controlled substance of cocaine including testimony from undercover officers in conjunction with the video surveillance tape of the drug transaction; and (2) any discrepancy in the State's evidence, such as the color of the baggie containing the cocaine defendant sold to the undercover officers, is properly considered by the jury in weighing the reliability of the evidence.

**3. Appeal and Error— preservation of issues—failure to argue**

The remaining assignments of error that defendant failed to argue are deemed abandoned under N.C. R. App. P. 28(b).

Appeal by Defendant from judgment entered 11 June 2004 by Judge Quentin T. Sumner in Superior Court, Nash County. Heard in the Court of Appeals 20 September 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Scott K. Beaver, for the State.*

*Jarvis John Edgerton, IV, for the defendant-appellant.*

WYNN, Judge.

"The admission into evidence of expert opinion based upon information not itself admissible into evidence does not violate the Sixth Amendment guarantee of the right of an accused to confront his accusers where the expert is available for cross-examination." *State v. Huffstetler*, 312 N.C. 92, 108, 322 S.E.2d 110, 120 (1984) (citations omitted). In this case, Defendant contends that expert testimony based on analyses conducted by someone other than the testifying expert violated his right to confrontation under the rationale of *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177 (2004). Because Defendant had an opportunity to cross-examine the expert, and because the analyses on which the expert testimony was based were not hearsay, we affirm the trial court's admission of the expert testimony. We also uphold the trial court's denial of Defendant's motion to dismiss his conviction of possession of cocaine with intent to sell.

The State presented evidence tending to show that on 13 November 1999, two undercover Rocky Mount Police Officers approached Defendant Wayne Antonio Bunn and asked if they could "get hooked up" with drugs. Defendant advised the undercover officers that he could get them marijuana or cocaine if they gave him some of the money for the drugs first. The officers gave Defendant thirty or forty dollars, and Defendant returned with two bags of marijuana and one bag of cocaine. Video surveillance equipment in the officers' vehicle recorded the drug transaction with Defendant.

After the drug transaction, the undercover officers secured the drugs in the "bags they came in," and gave them to Officer Greg Brown who testified that he put the drugs into evidence bags and placed them in a secure evidence bin inside the police department. Testing by the State Bureau of Investigation showed the drugs to be cocaine.

At trial, the State presented as an exhibit a green baggie containing cocaine—State's Exhibit Number Two. When asked about the "green thing" in State's Exhibit Number Two, one of the undercover officers testified that "[the green thing is] the baggie that it [the cocaine] was sold in." However, in his earlier testimony, the undercover officer said that he received cocaine from Defendant in a "clear pink type baggie." Moreover, the undercover officer's supplemental police report states that the officers received cocaine from Defendant in a "small pink plastic bag." Defendant did not present any evidence.

Defendant was found guilty of possession with intent to sell and deliver marijuana, sale and delivery of marijuana, and possession with intent to sell and deliver cocaine. The jury deadlocked on the charge of selling cocaine. The trial court consolidated the marijuana convictions and sentenced Defendant to two consecutive sentences of eight to ten months imprisonment. Defendant appealed.

---

[1] On appeal, Defendant argues that the trial court committed plain error by allowing the prosecution to introduce evidence of the chemical analyses performed by a non-testifying chemist because the admission of that evidence violated his confrontation rights under the rationale of *Crawford*, 541 U.S. 36, 158 L. Ed. 2d 177. We disagree.

In *Crawford*, the United States Supreme Court held that a recorded out-of-court statement made by the defendant's wife to the police regarding the defendant's alleged stabbing of another, which was introduced as hearsay at trial, was testimonial in nature and thus

inadmissible due to Confrontation Clause requirements. *Id.* Regarding nontestimonial evidence, the Supreme Court stated: "Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law . . . as would an approach that exempted such statements from Confrontation Clause scrutiny altogether." *Id.* at 68, 158 L. Ed. 2d at 203. *Crawford* made explicit that its holding was not applicable to evidence admitted for reasons other than proving the truth of the matter asserted. *Id.* at 60 n.9, 158 L. Ed. 2d at 198 n.9 (stating that the Confrontation "Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted") (citation omitted).

Under North Carolina case law, "testimony as to information relied upon by an expert when offered to show the basis for the expert's opinion is not hearsay, since it is not offered as substantive evidence." *Huffstetler*, 312 N.C. at 107, 322 S.E.2d at 120 (citation omitted). Indeed, our Supreme Court has stated that "[i]t is the expert opinion itself, not its underlying factual basis, that constitutes substantive evidence[,]" and that "[a]n expert may properly base his or her opinion on tests performed by another person, if the tests are of the type reasonably relied upon by experts in the field." *State v. Fair*, 354 N.C. 131, 162, 557 S.E.2d 500, 522 (2001), *cert. denied*, 535 U.S. 1114, 153 L. Ed. 2d 162 (2002).

Regarding expert testimony and the Confrontation Clause, our Supreme Court has held that "[t]he admission into evidence of expert opinion based upon information not itself admissible into evidence does not violate the Sixth Amendment guarantee of the right of an accused to confront his accusers where the expert is available for cross-examination." *Huffstetler*, 312 N.C. at 108, 322 S.E.2d at 120 (citation omitted).

In the case *sub judice*, after a recitation of his credentials, Special Agent Robert Evans was tendered and accepted, without objection by Defendant, as an expert in forensic drug examination. Special Agent Evans, after a thorough review of the methodology undertaken by his colleague, relied on his colleague's analyses in forming his opinion that the substance sold to the undercover officers was cocaine, and his opinion was based on data reasonably relied upon by others in the field. *See Fair*, 354 N.C. at 162, 557 S.E.2d at 522. We reject Defendant's argument that Special Agent Evans merely read the laboratory report into evidence. It is clear that Special Agent Evans's testimony was expert testimony as to the nature of the seized

substance as cocaine. We hold that the lab analysis was not tendered to prove the truth of the matter asserted therein, but to demonstrate the basis of Agent Evans's opinion.

Since it is well established that an expert may base an opinion on tests performed by others in the field and Defendant was given an opportunity to cross-examine Special Agent Evans on the basis of his opinion, we conclude that *Crawford* does not apply to the circumstances presented in this case. *See Huffstetler*, 312 N.C. at 108, 322 S.E.2d at 120. Thus, we hold that there has been no violation of Defendant's right of confrontation.

**[2]** Defendant next contends that the trial court committed reversible error in denying his motion to dismiss on the basis of insufficient evidence to support his conviction of possession of cocaine with intent to sell. We disagree.

"When a defendant moves to dismiss a charge against him on the ground of insufficiency of the evidence, the trial court must determine 'whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense.' " *State v. Garcia*, 358 N.C. 382, 412, 597 S.E.2d 724, 746 (2004) (quoting *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996)), *cert. denied*, —— U.S.——, 161 L. Ed. 2d 122; *see also State v. Morgan*, 359 N.C. 131, 161, 604 S.E.2d 886, 904 (2004); *State v. Butler*, 356 N.C. 141, 145, 567 S.E.2d 137, 139 (2002).

" 'Substantial evidence' is relevant evidence that a reasonable person might accept as adequate, or would consider necessary to support a particular conclusion." *Garcia*, 358 N.C. at 412, 597 S.E.2d at 746 (citations omitted); *see also State v. Williams*, 355 N.C. 501, 578-79, 565 S.E.2d 609, 654 (2002), *cert. denied*, 537 U.S. 1125, 154 L. Ed. 2d 808 (2003). Moreover,

> [a]'substantial evidence' inquiry examines the sufficiency of the evidence presented but not its weight. The reviewing court considers all evidence in the light most favorable to the State, and the State receives the benefit of every reasonable inference supported by that evidence. Evidentiary '[c]ontradictions and discrepancies are for the jury to resolve and do not warrant dismissal.'

*Garcia*, 358 N.C. at 412-13, 597 S.E.2d at 746 (citations omitted). Additionally, " '[i]f there is substantial evidence—whether direct, circumstantial, or both—to support a finding that the offense charged

**STATE v. BUNN**

[173 N.C. App. 729 (2005)]

has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied.' " *Butler*, 356 N.C. at 145, 567 S.E.2d at 140 (citation omitted).

To convict a defendant of cocaine possession with intent to sell or deliver, the State must prove the following elements: 1) knowing; 2) possession; 3) of cocaine; 4) with the intent to sell or deliver. N.C. Gen. Stat. § 90-95(a)(1) (2004). Defendant asserts on appeal that the State did not establish the proper chain of custody, and that there was no substantial evidence upon which to conclude the substance in the pink baggie allegedly possessed by Defendant was the same substance in the green baggie tested by a State Bureau of Investigation agent. In viewing all evidence in the light most favorable to the State, and giving the State the benefit of every reasonable inference supported by that evidence, we conclude that there is substantial evidence to establish that Defendant possessed the controlled substance of cocaine.

Indeed, the record reveals that one of the undercover officers testified that they approached Defendant and asked if they could "get hooked up" with drugs. Defendant advised the undercover officers that he could get them marijuana or cocaine if they gave him money first. The officers gave Defendant money, and Defendant returned with two bags of marijuana and one bag of cocaine. Special Agent Evans of the State Bureau of Investigation testified that the substance submitted for testing relating to Defendant was, in fact, cocaine.

When the testimony of the undercover officer is considered in conjunction with the video surveillance tape of the drug transaction and the testimony of Special Agent Evans, we find that there is substantial evidence to support Defendant's conviction. Moreover, any conflicting testimony about the color of the baggie containing the cocaine Defendant sold to the undercover officers is a discrepancy in the State's evidence, properly considered by the jury in weighing the reliability of the evidence. *See Garcia*, 358 N.C. at 412, 597 S.E.2d at 746 (stating that "contradictions and discrepancies are for the jury to resolve and do not warrant dismissal.") We therefore hold that the trial court did not err in denying Defendant's motion to dismiss.

[3] Since Defendant failed to argue his remaining assignments of error, they are deemed abandoned. N.C. R. App. P. 28(b).

Affirmed.

Judges CALABRIA and LEVINSON concur.