An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1309

NORTH CAROLINA COURT OF APPEALS

Filed: 5 August 2014

STATE OF NORTH CAROLINA

                                         Burke County

    v.                                 No. 11 CRS 52730

RYAN MATTHEW WILLIAMS,

        Defendant.

Appeal by defendant from judgment entered 7 June 2013 by Judge Eric L. Levinson in Burke County Superior Court. Heard in the Court of Appeals 19 March 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Lauren T. Earnhardt, for the State.*
>
> *Ryan McKaig for defendant-appellant.*

GEER, Judge.

Defendant Ryan Matthew Williams, a registered sex offender, appeals from a conviction under N.C. Gen. Stat. § 14-208.11 (2013) for failing to report a change of address to the sheriff's office. On appeal, defendant primarily contends that the date of the offense set forth in the indictment, which appeared to span five months, was too vague to support his

conviction. However, in the absence of a specific date of offense, an indictment is fatally defective only if time is of the essence for the charged offense or if the defendant relied upon the date of the offense in presenting his defense. Because time is not of the essence for violations of N.C. Gen. Stat. § 14-208.11, and defendant cannot show that he was prejudiced in preparing his defense, we hold that defendant has not demonstrated that the indictment was defective.

## Facts

The State's evidence tended to show the following facts. In 2001, defendant was convicted of taking indecent liberties with a minor and, upon being released from prison, he was required, pursuant to N.C. Gen. Stat. § 14-208.9(a) (2001), to register as a sex offender with the county sheriff and to notify the county sheriff of any address change. In 2009, defendant moved to Burke County and registered as a sex offender with the Burke County Sheriff's Office. On 17 February 2010, defendant's registered address was 109-D Ross Street in Morganton, North Carolina, while, on 5 April 2011, defendant's registered address was at 2022 Bristol Creek Avenue, the home of the mother of defendant's former girlfriend, Sunshine Blevins.

Sometime in June 2011, defendant moved out of the Bristol Creek Avenue home and informed the Sheriff's Office that he was

now living at 107-D Ross Street. 109-D Ross Street and 107-D Ross Street are mobile home residences and are part of a 52-unit mobile home park operated by Tim Norman. Mr. Norman testified that defendant was in fact living at 109-D Ross Street during the summer of 2011. According to Mr. Norman, by July 2011, defendant had stopped paying rent at 109-D Ross Street and, in accordance with Mr. Norman's demands, defendant vacated the mobile home by the end of that month. Once defendant vacated the mobile home, Mr. Norman cleaned the mobile home and posted a "For Rent" sign in the yard listing his phone number. After that, Mr. Norman saw defendant several times in the mobile home park "hanging out" at 107-D Ross Street.

The last address defendant registered with the sheriff was 107-D Ross Street. On 8 September 2011, Deputy Chuck Fisher of the Burke County Sheriff's Office went to 107-D Ross Street to ask defendant to come into the Sheriff's Office for questioning on a matter apparently unrelated to his registration as a sex offender. Deputy Fisher received no response from knocking on the door at 107-D Ross Street. He testified that he noticed a "For Rent" sign in the yard with a phone number, and he had a conversation with Mr. Norman in which Mr. Norman explained that "'[defendant had] been gone for a while'" now.

On 13 September 2011, defendant was located at another residence within Burke County. The residence was in someone else's name, but defendant admitted that he had been staying there. Defendant was indicted for failing to notify the Sheriff's Office of a change of address in violation of N.C. Gen. Stat. § 14-208.11(a)(2).

At trial, Sunshine Blevins testified on behalf of defendant. According to Ms. Blevins, defendant and she lived at 109-D Ross Street from February 2010 to April 2011. Ms. Blevins also testified that in April 2011, they moved in with her mother at her mother's home on Bristol Creek Avenue. Sometime in June 2011, defendant stopped living with Ms. Blevins and moved to 107-D Ross Street. After defendant moved into 107-D Ross Street, Ms. Blevins would see defendant there "[t]hree or four times a week" until he was arrested.

The jury found defendant guilty of failing to notify authorities of a change of address in violation of N.C. Gen. Stat. § 14-208.11(a)(2). The trial court sentenced defendant to a presumptive-range term of 23 to 28 months imprisonment, and defendant timely appealed to this Court.

I

Defendant first argues that his indictment was fatally defective contrary to N.C. Gen. Stat. § 15A-924 (2013) and

violated his due process right to be properly informed of the charges against him. "We review the issue of insufficiency of an indictment under a *de novo* standard of review." *State v. Marshall*, 188 N.C. App. 744, 748, 656 S.E.2d 709, 712 (2008).

"'The purpose of an indictment is to give a defendant notice of the crime for which he is being charged.'" *State v. Barnett*, ___ N.C. App. ___, ___, 733 S.E.2d 95, 98 (2012) (quoting *State v. Bowen*, 139 N.C. App. 18, 27, 533 S.E.2d 248, 254 (2000)). N.C. Gen. Stat. § 15A-924(a)(5) requires that a criminal indictment include

> [a] plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.

To satisfy N.C. Gen. Stat. § 15A-924, "an indictment need only allege the ultimate facts constituting the elements of the criminal offense[.]" *State v. Blackmon*, 130 N.C. App. 692, 699, 507 S.E.2d 42, 46 (1998). We note that "[o]ur construction of [N.C. Gen. Stat. § 15A-924(a)(4) (1988)] incorporates the rights afforded a criminal defendant under the United States Constitution." *State v. McKinney*, 110 N.C. App. 365, 371, 430 S.E.2d 300, 303 (1993).

N.C. Gen. Stat. § 14-208.11(a)(2), the statute under which defendant was indicted, provides that a person who is required to register as a sex offender commits a felony if, among other acts, he "[f]ails to notify the last registering sheriff of a change of address as required by this Article." This Court has explained that N.C. Gen. Stat. § 14-208.11(a)(2) "'contains three essential elements: (1) the defendant is a person required . . . to register; (2) the [defendant] change[s] his or her address; and (3) the defendant [willfully] [f]ails to notify the last registering sheriff of [the] change of address, not later than the [third] day after the change.'" *State v. Fox*, 216 N.C. App. 153, 156-57, 716 S.E.2d 261, 264-65 (2011) (footnote omitted) (quoting *State v. Abshire*, 363 N.C. 322, 328, 677 S.E.2d 444, 449 (2009)).

Defendant does not dispute that the indictment is sufficient with respect to each of the elements of N.C. Gen. Stat. § 14-208.11(a)(2), but instead challenges the date of offense specified in the indictment: "09/08/2011 -- after 4/2011." At trial, the prosecutor explained that he did not intend to allege a range in time for the date of offense, but rather alleged a specific offense date of 8 September 2011 with the "4/2011" referring to the last date for which defendant had a registered address.

Nonetheless, even assuming that the indictment specified a date of offense consisting of a five-month range, defendant has failed to show that the indictment was fatally defective. N.C. Gen. Stat. § 15A-924(a)(4) (emphasis added) requires, with respect to the date of the offense, that an indictment include "[a] statement or cross reference in each count indicating that the offense charged was committed on, or on or about, a designated date, *or during a designated period of time*." However, "[e]rror as to a date or its omission is not ground for dismissal of the charges or for reversal of a conviction if time was not of the essence with respect to the charge and the error or omission did not mislead the defendant to his prejudice." *Id.*

Thus, N.C. Gen. Stat. § 15A-924(a)(4) "allows indictments to designate a 'period of time' during which 'the offense charged was committed.'" *State v. Abshire*, 192 N.C. App. 594, 597, 666 S.E.2d 657, 660 (2008) (quoting N.C. Gen. Stat. § 15A-924(a)(4) (2005)), *rev'd on other grounds*, 363 N.C. 322, 677 S.E.2d 444 (2009). Moreover, pursuant to N.C. Gen. Stat. § 15-155 (2013), "[n]o judgment upon any indictment for felony or misdemeanor . . . shall be stayed or reversed . . . for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating

the time imperfectly . . . ." *See also McKinney*, 110 N.C. App. at 370-71, 430 S.E.2d at 303 ("If time is not of the essence of the offense charged, the failure to state the time at which the offense was committed, or stating the time imperfectly, is not grounds for dismissal of the indictment.").

Here, defendant contends that under N.C. Gen. Stat. § 14-208.11, "the timing of [the] offense is a specific element," pointing to the requirement in N.C. Gen. Stat. § 14-208.9 (2013) that a registered sex offender notify the sheriff of any change in address "'not later than the third business day after the change . . . .'" (Quoting N.C. Gen. Stat. § 14-208.9(a).) Defendant then argues that the indictment was flawed because "it alleged a window of nearly five months during which [defendant] could have committed a crime involving a three day threshold. As such, it failed to properly advise [defendant] of the time period in which he was alleged to have committed the crime in question." We disagree.

This Court has recognized that some aspect of "time" may be an element of a crime and yet the "date of the offense" need not be perfectly alleged in the indictment. For example, "[a]lthough nighttime is clearly 'of the essence' of the crime of burglary, an indictment for burglary is sufficient if it avers that the crime was committed in the nighttime." *State v.*

*Mandina*, 91 N.C. App. 686, 690, 373 S.E.2d 155, 158 (1988). This Court held that despite the obvious time requirement for the offense of burglary, the failure to allege the specific year that the burglary allegedly occurred did not render the indictment fatally defective. *Id.* ("Therefore, failure to allege the hour the crime was committed, or the specific year, is not grounds for arrest of judgment." (internal citations omitted)).

In this case, as in *Mandina*, the time element -- the requirement that the sheriff be notified within three business days of a change of address -- does not make the specific day or year an essential element of the crime. It does not matter when the crime occurred so long as the evidence shows that the defendant did not give the proper notification. We, therefore, hold, consistent with *Mandina*, that an indictment under N.C. Gen. Stat. § 14-208.11 is sufficient if it alleges, as the indictment did in this case, the pertinent time element: that the defendant did not notify the sheriff within three business days of the change of address.

While defendant argues that the indictment failed to properly advise him of the time period in which the State alleged he committed the offense, he does not make any specific argument that he was misled. If time is not of the essence for

a crime, a defendant is entitled to dismissal only "[w]hen . . . the defendant relies on the date set forth in the indictment to prepare his defense, and the evidence produced by the State substantially varies to the prejudice of the defendant . . . ." *State v. Stewart*, 353 N.C. 516, 518, 546 S.E.2d 568, 569 (2001). *See also State v. Johnson*, 145 N.C. App. 51, 57, 549 S.E.2d 574, 578 (2001) ("When time is not of the essence of the crime charged, . . . the State is not required to forecast exact dates and times in its indictments.").

At trial, defendant presented the testimony of Ms. Blevins to show that he was living at 107-D Ross Street throughout the time period set out in the indictment to counter the State's allegation that he had moved from that address. Further, defendant did not try at all to show that he had registered an address subsequent to vacating 107-D Ross Street. Thus, defendant has not demonstrated that he relied to his detriment on the timeframe set forth in the indictment. *See State v. Sinclair*, 43 N.C. App. 709, 713-14, 259 S.E.2d 808, 810-11 (1979) ("Defendant argues that time was of the essence here because there were two break-ins on successive nights and the items defendant confessed to stealing were taken on the second night, while the indictment charged him with the theft on the first night. . . . In view of the fact that defendant has not

relied upon an alibi for either of the nights in question, and that there was some evidence from which the jury could find that the items defendant confessed to stealing were taken in the first break-in, we find no fatal variance.").

Because time is not of the essence with respect to N.C. Gen. Stat. § 14-208.11(a)(2) and because defendant has not shown that he relied to his detriment on the time frame alleged in the indictment, he has failed to show that the indictment was fatally defective. The trial court, therefore, properly denied his motion to dismiss.

## II

Defendant next contends that the trial court erred in denying his motion to dismiss for insufficient evidence. "This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "When reviewing a defendant's motion to dismiss a charge [for insufficient] evidence, this Court determines whether the State presented substantial evidence in support of each element of the charged offense." *Abshire*, 363 N.C. at 327-28, 677 S.E.2d at 449 (internal quotation marks omitted). "Substantial evidence is relevant evidence that a reasonable person might accept as adequate, or would consider necessary to support a particular conclusion. In this determination, all

evidence is considered in the light most favorable to the State, and the State receives the benefit of every reasonable inference supported by that evidence." *Id.* at 328, 677 S.E.2d at 449 (internal citation and quotation marks omitted).

Here, Deputy Fisher testified that when he arrived at 107-D Ross Street, defendant's last registered address, looking for defendant on 8 September 2011, there was no answer at the trailer. The owner of the trailer park testified that defendant was actually living at 109-D Ross Street in the summer of 2011, that he had been evicted for not paying his rent, and that defendant was only "hanging out" at 107-D Ross Street. Five days after Deputy Fisher visited the registered address, defendant was found at another location where defendant admitted he was staying.

Although there was some confusion in the State's evidence as to where defendant was living in the summer of 2011 and what trailer was vacant and for rent, the State's evidence, when viewed in the light most favorable to the State, was sufficient to allow a reasonable jury to find that defendant changed his address and failed to notify the sheriff's office of the change within three business days. *See id.* at 333, 677 S.E.2d at 452 (holding evidence sufficient that defendant changed address when

jury could conclude defendant was temporarily living somewhere and not living at last registered address).

Pointing to the disparity between Deputy Fisher's, Mr. Norman's, and Ms. Blevins' testimony, defendant argues that "[w]here a man's liberty is at stake, he surely should get the benefit of any serious doubt.  And here, there is clearly very serious doubt as to the sufficiency of the evidence."  However, "'[e]videntiary [c]ontradictions and discrepancies are for the jury to resolve and do not warrant dismissal.'"  *State v. Bunn*, 173 N.C. App. 729, 732, 619 S.E.2d 918, 921 (2005) (quoting *State v. Garcia*, 358 N.C. 382, 413, 597 S.E.2d 724, 746 (2004)).  It is well established that "[t]he existence of evidence contrary to the State's evidence is not controlling in ruling on a motion to dismiss."  *State v. Bell*, 159 N.C. App. 151, 158, 584 S.E.2d 298, 303 (2003).

Defendant also contends that there was insufficient evidence because the State did not establish any specific dates on which defendant moved from 107-D Ross Street to a new address.  Notably, after Deputy Fisher failed to find defendant at his registered address, defendant was located five days later at another address where defendant said he was staying.  Because a specific date on which a defendant moved is not essential to prove a violation of N.C. Gen. Stat. § 14-208.11, but rather the

State need only prove that defendant failed to register within three business days of moving, the State's evidence was sufficient. *See also State v. Wise*, 178 N.C. App. 154, 164, 630 S.E.2d 732, 738 (2006) (holding that evidence was sufficient to permit jury to infer that defendant had not given sheriff notice of change of address within 10 days, as required under prior statute, where although State presented no evidence of when defendant actually moved, defendant admitted that he had left registered address, had lived at two other addresses, but had "'lately'" been staying at address where he was arrested). We, therefore, hold that the trial court did not err in denying defendant's motions to dismiss.

## III

Defendant finally argues that the trial court erred by failing to instruct the jury that it should only consider the evidence after 29 June 2011 in deciding whether defendant failed to give proper notice of his change of address. Defendant argues that although "the indictment lists a range of time going back to April 2011[,]" the trial court stated: "Well, . . . the only thing that would be submitted would be anything following July 11th, 2011, I believe -- July 11 or June 29, 2011[.]" Yet, defendant points out, the trial court did not specify any timeframe in its jury instructions or on the verdict sheet.

Although defendant concedes that he failed to object to the instructions at trial, defendant contends any alleged error is preserved for appellate review because it implicates defendant's right to a unanimous jury verdict, and such issues are automatically preserved. *See State v. Mueller*, 184 N.C. App. 553, 575, 647 S.E.2d 440, 456 (2007) ("A defendant's failure to object at trial to a possible violation of his right to a unanimous jury verdict does not waive his right to appeal on the issue, and it may be raised for the first time on appeal.").

Alternatively, defendant suggests that the failure to narrow the time period under consideration for the alleged offense to the period after 29 June 2011 amounted to plain error because it permitted the jury to convict defendant upon an abstract theory not supported by the indictment. Our Supreme Court has explained:

> For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice -- that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings[.]

*State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (internal citations and quotation marks omitted).

With respect to both the unanimity argument and the plain error argument, defendant contends: "[T]he trial court determined that the only sufficient evidence of a crime related to possible offenses committed after 29 June 2011, but never instructed the jury as such, even though the indictment lists a range of time going back to April 2011.  For that reason, it is possible that one or more jurors voted to convict [defendant] on a theory that was unsupported by sufficient evidence."  However, although defendant's contention thus hinges on the time frame set out in the indictment, the indictment containing the period from April to 8 September 2011 was not admitted into evidence.

Moreover, the State never referenced, in the presence of the jury, any time period during which the offense could have occurred.  Instead, the State's evidence focused on the fact that a deputy unsuccessfully attempted to locate defendant at his registered address on 8 September 2011, learned from the landlord that defendant was no longer living there and been gone for a while, and then found defendant at a different address five days later on 13 September 2011.  As such, defendant has not demonstrated how the jury's verdict could lack unanimity absent even a suggestion to the jury that defendant could have

committed the offense prior to the date he was found missing from his registered address.

Additionally, in *State v. Pettis*, 186 N.C. App. 116, 123, 651 S.E.2d 231, 235 (2007), a case involving multiple charges alleged in multiple indictments, this Court explained that

> there was no problem with the unanimity of the jury's verdicts. The jury was instructed on all the issues, including unanimity. The trial court states that the jury's verdicts must be unanimous by stating, "You may not return a verdict until all 12 jurors agree unanimously." Separate verdict sheets were submitted for each charge. In addition, two verdict sheets were used for the two statutory rape charges and were differentiated by the date of the alleged offense. Further, the record does not reflect that the jury was confused.

Here, there was only one charge and defendant does not now argue that the trial court insufficiently instructed the jury concerning the elements of the crime charged under N.C. Gen. Stat. § 14-208.11(a)(2). The trial court explained to the jury that "[t]he State must prove to you that the defendant is guilty beyond a reasonable doubt" and "[y]ou must be unanimous in your decision." The record does not in any way indicate that the jury was confused when it deliberated.

Consistent with *Pettis*, we conclude that defendant has failed to show that his right to a unanimous jury verdict was threatened by the trial court's jury instruction. Likewise,

defendant has not shown that any instructional error had a probable impact on the jury's verdict, but instead contends only that "it is *possible* that one or more jurors voted to convict [defendant] on a theory that was unsupported by sufficient evidence." (Emphasis added.) Consequently, we hold that defendant has not demonstrated that the trial court erred when it failed to instruct the jury that it could only find a violation if it occurred after 29 June 2011.

No error.

Judges STEPHENS and ERVIN concur.

Report per Rule 30(e).